Leroy McCALL, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–84–00731–CR.

Court of Appeals of Texas, Dallas.

April 23, 1985.

R.K. Weaver, Dallas, for appellant.

Anne B. Wetherholt, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, MALONEY, and MCCLUNG, JJ.

AKIN, Justice.

Appellant, Leroy McCall, appeals his conviction for the offense of burglary of a vehicle. In three grounds of error appellant contends that the Dallas County Magistrate's Act is unconstitutional and that the trial court erred in failing to dismiss the indictment because the State failed to comply with the Speedy Trial Act. We disagree. Accordingly, we affirm the judgment of the trial court.

On June 26, 1984, appellant pleaded guilty to the offense of burglary of a vehicle in accordance with the terms of a plea bargain agreement between himself and the State. Appellant's plea was entered before a magistrate pursuant to the provisions of the Dallas County Magistrate's Act. TEX.REV.CIV.STAT.ANN. art. 1918c (Vernon Supp.1984). His plea was accepted by the magistrate who assessed appellant's punishment, in conformity with the plea bargain agreement, at two years confinement in the Texas Department of Corrections. Subsequently, the judge of the 204th Judicial District Court of Dallas County signed an order adopting the action of the magistrate.

■ Appellant contends that the Dallas County Magistrate's Act, TEX.REV.CIV. STAT.ANN. art. 1918c (Vernon Supp.1984), is an unconstitutional special bill and is an unconstitutional effort by the legislature to delegate to the district judges of Dallas County the power to create courts of concurrent jurisdiction. We need not address this contention because it is not properly before us. Although the magistrate warned appellant that if the punishment assessed did not exceed the terms of the plea bargain agreement he would lose his right of appeal on all matters not filed in writing and pending before the court unless the trial judge gives him permission to appeal, the record does not show that the trial judge gave appellant permission to appeal the constitutionality of article 1918c.

■ TEX.CODE CRIM.PROC.ANN. art. 44.02 provides that, although a defendant in a criminal action has a right to appeal, before a defendant who chooses to enter a plea of guilty may prosecute his appeal he must show (1) the existence of a plea bargaining agreement with the state; (2) punishment assessed by the trial court at or within that recommended by the prosecutor and agreed to by the defendant; and (3) the basis of the appellate ground of error has been presented in writing before trial to the trial court for consideration or the trial court has given him permission to pursue an appeal in general or upon specific contentions. *Galitz v. State,* 617 S.W.2d 949, 951–952 (Tex.Crim.App.1981). Absent a showing of all three of these jurisdictional requisites, this court has no power to re-

view appellant's contentions concerning the constitutionality of the magistrate's act. *Id.* at 952. Nothing is presented for review.

Next, appellant contends that the trial court erred in failing to grant his motion to dismiss the indictment because the State failed to comply with the Speedy Trial Act. TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1985). We disagree. Under article 32A.02, a court must grant a defendant's motion to set aside an indictment if the State is not ready for trial within 120 days of the commencement of a criminal action if the defendant is accused of a felony. A timely announcement of "ready" is a prima facie showing of the State's readiness for trial as required by the Speedy Trial Act. *See Phillips v. State,* 659 S.W.2d 415, 419 (Tex.Crim.App. 1983). When the State announces readiness for trial during the statutory time period applicable to the case, the burden shifts to the defendant to rebut the prima facie showing by producing evidence of the State's unpreparedness for trial. *Smith v. State,* 659 S.W.2d 828, 830 (Tex.Crim.App. 1983). If the applicable statutory time period has expired and the accused invokes the Act, the State must demonstrate both that it was then ready and had been ready for trial at all times within the statutory period, or the State must establish that sufficient periods of time were excludable under the Act in order to bring its announcement of readiness within the statutory period. *Id.* In computing the time by which the State must be ready for trial, excludable periods include any period of delay

(4) ... resulting from the absence of the defendant because his location is unknown and:

(a) he is attempting to avoid apprehension or prosecution; or

(b) the State has been unable to determine his location by due diligence.

TEX.CODE CRIM.PROC.ANN. art. 32A.02 § 4 (Vernon Supp.1985).

Appellant argues that the record is devoid of any indication that the State at-

tempted to exercise due diligence to obtain appellant's presence in court after appellant did not show up for the first setting of his trial. This is only one of the two possible ways that toll the running of the computation time. A fair reading of the record would indicate that appellant's absence at the trial was due to his attempt to avoid prosecution. Appellant was arrested on August 6, 1982, for the offense of burglary of a vehicle and released on bail on August 10. On September 8, appellant was indicted for this offense. The State filed its written announcement of ready on September 15. The case was set for trial on September 30. Because appellant did not appear at that setting, his bond was forfeited and a capias was issued for him. On April 15, 1984, appellant was arrested in Harris County and was returned to Dallas County on April 26 to stand trial on the allegations set forth in the September 8, 1982, indictment. Appellant's motion to dismiss the indictment for the State's failure to comply with the Speedy Trial Act was denied after a hearing on the motion.

Appellant argues that according to the holdings in *Newton v. State,* 641 S.W.2d 530 (Tex.Crim.App.1982) and *Lyles v. State,* 653 S.W.2d 775 (Tex.Crim.App.1983), his presence in court is a readiness burden which falls upon the State and the State will not be deemed ready to proceed to trial if the accused is not present in court. The instant case is distinguishable from *Newton* and *Lyles.* In the instant case, the trial date was set and appellant, who was out on bail, did not appear. He was arrested over a year later in another county. In *Newton,* the accused was indicted on September 29, 1978, the State announced ready on October 9, 1978, and the accused was arrested in November of 1979. During the time between indictment and arrest the accused resided and worked in the area as well as used his own true name. Although he knew that the police wished to question him, he neither actively sought out the police nor did he flee the vicinity. Based on these facts, the court of criminal appeals found no evidence of any attempt to

avoid apprehension. In *Lyles*, the accused was arrested on August 1, 1979, he gave an in-custody statement and he was released within 24-hours without bond. Although a complaint and information were filed on August 13, the presence of the accused for trial was not procured until March 28, 1980. It was determined that the failure to secure the accused's presence for trial was due to the sheriff's inexplicable rejection of a bail bond posted by the accused, a situation easily resolved once the prosecutor began to exercise due diligence, and not the result of circumstances exempted from the Speedy Trial Act.

We hold that the evidence is sufficient to establish that during the time appellant was absent, he was attempting to avoid prosecution. We also hold that the statutory time period was tolled while appellant was absent.

Affirmed.