**Arema Margaret SPELLING, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–85–293–CR.**

Court of Appeals of Texas,
Fort Worth.

Oct. 23, 1986.

Alley & Alley, T. Richard Alley, Fort Worth, for appellant.

Tim Curry, C. Chris Marshall, Robert Gill, Edwin Youngblood and Betty Stanton, Fort Worth, for State.

Before FENDER, C.J., and BURDOCK and HILL, JJ.

## OPINION

FENDER, Chief Justice.

Appellant, Arema Spelling, was convicted by a jury of the murder of her three month old son. *See* TEX.PENAL CODE ANN. sec. 19.02(a)(2) (Vernon 1974). The jury sentenced her to 75 years in the Texas Department of Corrections. This appeal is brought based on contentions that appellant's motion in arrest of judgment should have been granted because the indictment was substantially defective, the State's attorney made improper jury arguments, and the jury instruction as to parole eligibility, authorized by TEX.CODE CRIM.PROC. ANN. art. 37.07, sec. 4(a) (Vernon Supp. 1986), is unconstitutional. The sufficiency of the evidence is not challenged.

We affirm.

On February 16, 1985, appellant took her son, Emmitt Spelling, Jr., to see Sergio Grossling, M.D., for treatment of a cold. During his examination of the child, Dr. Grossling noticed the child also had a black eye, scratches on his left arm and torso, and a dime-sized blue mark on his head. The doctor suspected child abuse and notified the Department of Human Resources. That same day, a social worker from the Department of Human Resources investigated the report but did not remove the child from appellant's home.

On February 19, 1985, Emmitt Spelling, Jr. was admitted to a hospital in a comatose state. In addition to bruises and scratches in various stages of healing, the child had two large, horizontal skull fractures, one on each side of the head, and a month old collarbone fracture. Appellant later confessed that she backhanded her son that same day to make him stop crying and that she "hit him pretty hard." The child died on February 28, 1985.

Appellant was indicted for murder on June 11, 1985. No motion to quash the indictment was filed before trial but, after the verdict was rendered and punishment

assessed, appellant filed a timely motion in arrest of judgment. This motion was overruled.

In her first point of error, appellant contends that the court erred in overruling her motion in arrest of judgment. *See* TEX. CODE CRIM.PROC.ANN. arts. 41.01–41.05 (Vernon 1979 and Supp.1986) (repealed 1986).[1] She argues that the failure to charge the manner and means of committing the offense makes the indictment substantially defective. She contends the indictment is also defective in that it fails to allege the offense in "plain and intelligible words", *see* TEX.CODE CRIM.PROC.ANN. art. 21.02 (Vernon 1966), and it fails to allege the deadly weapon used by appellant.

A motion in arrest of judgment is a suggestion to the trial court that judgment has not been legally rendered against the defendant. *See* TEX.CODE CRIM.PROC. ANN. art. 41.01 (Vernon 1979) (repealed 1986). Former article 41.03 of the Texas Code of Criminal Procedure provided:

> Such motion shall be granted upon any ground which may be good upon exception to an indictment or information for any *substantial defect* therein.

TEX.CODE CRIM.PROC.ANN. art. 41.03 (Vernon 1979) (repealed 1986) (emphasis added). The question before this court is whether the deficiencies urged by appellant constitute a "substantial defect" in the indictment. *See id.*

 The general rule, subject to rare exceptions, is that an indictment which tracks the words of the statute is legally sufficient. *See Lewis v. State*, 659 S.W.2d 429, 431 (Tex.Crim.App.1983). Where the statutory definition of a crime provides for more than one manner or means for committing the act, the State, *upon timely request*, must allege the particular manner or means it seeks to prove. *See Ferguson v. State*, 622 S.W.2d 846, 851 (Tex.Crim. App.1980). Likewise, if a word or term in

---

1. *See* Act of June 18, 1965, ch. 722, sec. 1, 1965 Tex.Gen. Laws 317, 483, *repealed by* Act of June 14, 1985, ch. 685, sec. 4, 1985 Tex.Gen. Laws 2472, 2472–73, *recodified at* TEX.R.APP.P. 33–35.

the indictment goes to an act or omission of the defendant, that word or term must be further defined *upon proper presentation of a motion to quash. See Coleman v. State,* 643 S.W.2d 124, 125 (Tex.Crim.App. 1982). Failure to provide such clarification, upon request, results in what is "by definition a denial of fair notice." *See Gorman v. State,* 634 S.W.2d 681, 684 (Tex.Crim. App.1982).

■ On the other hand, where the defendant fails to bring a proper motion to quash an indictment prior to trial, only jurisdictional defects will be considered on appeal. *See Dennis v. State,* 647 S.W.2d 275, 278 (Tex.Crim.App.1983). "[I]f the charging instrument is merely duplicitous, *fails to give sufficient notice of what acts are charged,* or fails to allege sufficient facts to bar a subsequent conviction, such would be nonjurisdictional defects, and would be deemed waived by the failure to make timely objection." *Id.* at 279 (emphasis added). Nonjurisdictional errors in the indictment are waived even if the appellant files a timely motion in arrest of judgment:

> We note that no motion to quash the indictment was filed; if appellant did not have sufficient notice of what she was charged with, she should have filed such a motion rather than waiting until the trial was completed and then filing a motion in arrest of judgment. Error, if any, is waived. [Citations omitted.]

*Perez v. State,* 590 S.W.2d 474, 481 (Tex. Crim.App.1979).

In the present case, appellant is charged under section 19.02(a)(2) of the Texas Penal Code which provides:

> (a) A person commits an offense if he:
> . . . .
> (2) intends to cause serious bodily injury and commits an act clearly dangerous to human life that causes the death of an individual. . . .

TEX.PENAL CODE ANN. sec. 19.02(a)(2).

The indictment charged:

PARAGRAPH TWO: AND IT IS FURTHER PRESENTED IN AND TO SAID COURT THAT THE SAID AREMA MARGARET SPELLING . . . DID THEN AND THERE INTENTIONALLY WITH THE INTENT TO CAUSE SERIOUS BODILY INJURY TO EMMITT SPELLING JR, COMMIT AN ACT CLEARLY DANGEROUS TO HUMAN LIFE, *NAMELY, HITTING SAID EMMITT SPELLING JR ON THE HEAD,* WHICH CAUSED THE DEATH OF EMMITT SPELLING JR. . . . [Emphasis added.]

■ It is clear that the indictment closely tracks the wording of the statute. Only subject to rare exceptions will such a charge not be legally sufficient. *See Lewis,* 659 S.W.2d at 431. In addition, the State did allege the manner of committing the act proscribed; i.e., by "HITTING SAID EMMITT SPELLING JR ON THE HEAD. . . ." If appellant wanted further clarification of the act alleged, she should have brought a timely pre-trial motion to quash. *See Coleman,* 643 S.W.2d at 125. Appellant will not be allowed to raise a nonjurisdictional defect in the indictment for the first time in a motion in arrest of judgment. *See Dennis,* 647 S.W.2d at 278–79; *Perez,* 590 S.W.2d at 481. Finally, appellant was not charged with use of a particular deadly weapon because it was not contended that she used a deadly weapon. The issue was never before the jury. The errors appellant complains of do not constitute the kind of substantial defect which must support a motion in arrest of judgment. Appellant's first point of error is overruled.

In her second point of error, appellant complains of improper jury argument during the punishment phase of the trial. The statements complained of are as follows:

[MR. GILL, State's attorney:] You may be concerned with the fact that this Defendant has never been convicted of anything before as she testified to you. You can believe that if you want to.

MR. HARWELL: Your Honor, we object to that most strongly. He's suggesting that is not worthy of belief. She has not been convicted before.

THE COURT: It's overruled.

MR. HARWELL: Note exception.

MR. GILL: Ladies and Gentlemen, you are the judges of the credibility of the witnesses....

and later,

[MR. GILL:] Something else you ought to discuss among yourselves and I think it's very important here, is did this Defendant from this witness stand or at any other time ever tell anyone, you or anyone else that she was sorry for what happened?

MR. HARWELL: We object to that, Your Honor, improper argument.

MR. GILL: Your Honor, it's admissible on the issue of probation.

THE COURT: Overruled.

Appellant contends that these comments suggested evidence outside the record, were made purely to inflame the jury's passion, and were prejudicial in that they probably caused the excessiveness of appellant's sentence.

The purpose of closing argument is to facilitate the jury in properly analyzing the evidence presented at trial so that it may arrive at a just and reasonable conclusion based on the evidence alone and not on any fact not admitted into evidence. *See Campbell v. State*, 610 S.W.2d 754, 756 (Tex.Crim.App.1980). To be permissible, jury argument must fall within one of the following four general areas: (1) summation of the evidence; (2) reasonable deduction from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *See Cannon v. State*, 668 S.W.2d 401, 404 (Tex.Crim.App.1984); *Darden v. State*, 629 S.W.2d 46, 52 (Tex. Crim.App.1982).

When an argument exceeds the permissible bounds of the above areas, such will not constitute reversible error unless, in light of the record as a whole, the argument is extreme or manifestly improper, is violative of a mandatory statute, or injects new facts harmful to the accused into the trial proceedings. *See Bell v. State*, No. 68,989, slip op. at TC–86–11–169 (Tex.Crim.App., March 19, 1986) (not yet reported); *Mathews v. State*, 635 S.W.2d 532, 539 (Tex.Crim.App.1982). The test for reversible error in jury argument is whether there is a reasonable possibility that the argument complained of might have contributed to the punishment assessed. *See Garrett v. State*, 632 S.W.2d 350, 354 (Tex. Crim.App.1982); TEX.R.APP.P. 81(b)(2). In making this determination, we must review the evidence at the guilt-innocence stage as well as that adduced at the punishment phase of the trial. *See Garrett*, 632 S.W.2d at 353–54.

During oral argument, the prosecuting attorney may call to the jurors' attention that which they had an equal opportunity to observe. *See Jordan v. State*, 646 S.W.2d 946, 948 (Tex.Crim.App. 1983); *Baldwin v. State*, 697 S.W.2d 725, 732 (Tex.App.—Corpus Christi 1985, pet. ref'd). A prosecutor may not, however, use jury argument to get before the jury, either directly or indirectly, evidence which is outside the record. *See Jordan*, 646 S.W.2d at 948. We do not interpret counsel's statement as an attempt to bring in new evidence.

The credibility of the witness is for the trier of fact to decide. *See Coe v. State*, 683 S.W.2d 431, 438 (Tex.Crim.App. 1984). In this case, the prosecutor continued after the objection with a statement that the credibility of the witnesses was for the jury to decide. Although we disapprove of this kind of argument, in light of the record as a whole, we do not find the argument was extreme or manifestly improper to such an extent as to require reversal.

Likewise, where probation has been requested by the defendant, the prosecutor's comment as to the defendant's lack of remorse is not necessarily reversible error. *See Overstreet v. State*, 470 S.W.2d 653, 655 (Tex.Crim.App.1971); *Baldwin*, 697 S.W.2d at 732. In *Overstreet*, the prosecutor said, "[w]hen you think about rehabilitation, you, you think about the first great step to rehabilitation is stepping forward and confessing one's guilt and being ready to take the punishment that is doled out."

*Overstreet,* 470 S.W.2d at 655. The Court held that such a comment was not reversible error as it was made in response to the appellant's plea for probation.

In *Baldwin,* the prosecutor said, "[h]e is not sorry for what he did. He still won't even admit it after a jury of his peers has convicted him." *Baldwin,* 697 S.W.2d at 731. That court specifically declined to develop a standard of review which would reverse all cases in which the prosecutor comments on the defendant's lack of contrition, and found no reversible error. *See id.* at 732.

■ In the present case, appellant testified at both stages of the trial. She testified during the punishment phase to request probation. It appears that the prosecutor's comment about appellant's lack of remorse was made in response to her request for probation, *see Overstreet,* 470 S.W.2d at 655, and simply pointed out to the jurors something which they had an equal opportunity to observe. *See Jordan,* 646 S.W.2d at 948. We do not, therefore, find that the comment was reversible error.

While neither argument is clearly proper, after reviewing the testimony given and the arguments made during the entire trial, we find no reversible error in the prosecutor's comments. Appellant's second and third points of error are overruled.

In her last point of error, appellant urges the court to find that article 37.07 of the Code of Criminal Procedure is an unconstitutional grant of executive power to the judiciary, and as such, violates the separation of powers clause of the Texas Constitution. *See* TEX. CONST. art. II, sec. 1; TEX.CODE CRIM.PROC.ANN. art. 37.07 (Vernon 1981 and Supp.1986). Appellant contends that the parole jury instruction law inherently tells the jury to assess a higher punishment and the instruction acts as evidence to which the ordinary juror will give considerable weight. As such, it violates appellant's right to a fair trial, due process, and due course of law. *See* U.S. CONST. amends. V, VI, VIII, XIV; TEX. CONST. art. I, secs. 3, 10, 13, 19; TEX.

CODE CRIM.PROC.ANN. arts. 1.04–1.05 (Vernon 1977).

Appellant's written objection to the charge challenges the constitutionality of article 37.07 only on the basis of denial of due process of law under the United States and Texas Constitutions. To properly preserve error for appeal an objection must be specific. *See Pennington v. State,* 697 S.W.2d 387, 390 (Tex.Crim.App.1985). Where the objection made at trial does not comport with the error raised on appeal, nothing is preserved for review. *See id.* Accordingly, we will only specifically address the constitutionality of this article on the basis of appellant's due process claim under the fourteenth amendment of the United States Constitution and her due course of law claim under article I, section 19 of the Texas Constitution. We will, however, generally reaffirm our earlier decision holding article 37.07 constitutional under the separation of powers clause of the Texas Constitution. *See Patton v. State,* 717 S.W.2d 772 (Tex.App.—Fort Worth, 1986).

The Supreme Court of Texas has held that article I, section 19 of the Texas Constitution was meant to be construed in the same way as amendment XIV of the United States Constitution insofar as it is identical with that amendment. *See Mellinger v. City of Houston,* 68 Tex. 37, 3 S.W. 249, 253 (1887). The fourteenth amendment of the United States Constitution provides in relevant part, "nor shall any State deprive any person of life, liberty, or property, without due process of law...." U.S. CONST. amend. XIV, sec. 1. Article I, section 19, the due course of law provision of the Texas Constitution, provides as follows:

> Sec. 19. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land.

TEX. CONST. art. I, sec. 19. We will, therefore, consider appellant's contention as to both constitutions at one time.

■ Appellant's objection to article 37.07 is so general that it is difficult to decipher in just what manner she contends the statute results in a denial of due process. The United States Supreme Court has said that the very essence of due process law is the protection of the individual from arbitrary exercise of governmental powers. *See Slochower v. Board of Education,* 350 U.S. 551, 559, 76 S.Ct. 637, 641, 100 L.Ed. 692, 698 (1956); *Missouri Railway Co. v. Mackey,* 127 U.S. 205, 209, 8 S.Ct. 1161, 1163, 32 L.Ed. 107, 109 (1888). A denial of due process exists where inherently vague statutory language permits selective law enforcement. *See Smith v. Goguen,* 415 U.S. 566, 576, 94 S.Ct. 1242, 1249, 39 L.Ed.2d 605, 613 (1974).

Appellant's objection to article 37.07 goes particularly to section 4(a) which provides:

Sec. 4. (a) In the penalty phase of the trial of a felony case in which the punishment is to be assessed by the jury rather than the court, if the offense of which the jury has found the defendant guilty is listed in Section 3f(a)(1), Article 42.12, of this code or if the judgment contains an affirmative finding under Section 3f(a)(2), Article 42.12, of this code, unless the defendant has been convicted of a capital felony *the court shall charge* the jury in writing as follows....

TEX.CODE CRIM.PROC.ANN. art. 37.07, sec. 4(a) (emphasis added). The provision then sets out the exact wording of the instruction to be used in the court's charge. *See id.* From the wording of the statute, it is clear that appellant cannot complain she is being treated differently than any other defendant in the same situation. The statute clearly sets out the situations in which the instruction is to be given. The language used is mandatory; "the court *shall* charge the jury in writing as follows...." *See id.* (emphasis added). The trial court properly followed the mandatory language of the statute.

■ It is clear to us that neither the statute nor its application by the trial court, hint of vagueness which would lend itself to selective law enforcement, the treatment of one defendant different from that of another defendant, or other arbitrary exercise of governmental powers. We hold that the statute is not unconstitutional upon the grounds here contended.

■ In addition, appellant complains that, despite the wording of the instruction, the jury will in fact consider the parole laws in determining punishment. The mandatory instruction given by the court specifically says:

You may consider the existence of the parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

*See id.*

We will not assume that jurors will disregard the court's instructions. *See Patton,* at 780. Should an appellant show the instruction was disregarded and resulted in an erroneous judgment, the jury misconduct would likely call for reversal. No such showing was made in this case. Appellant's fourth point of error is overruled.

Judgment is affirmed.