**Ex parte James Harvey HAWKINS.**

No. 69670.

Court of Criminal Appeals of Texas, En Banc.

Dec. 23, 1986.

James Harvey Hawkins, pro se.

Henry Wade, Dist. Atty. and Mary Jo Kain, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CAMPBELL, Judge.

This is an application for writ of habeas corpus brought pursuant to Article 11.07, V.A.C.C.P.; *Ex parte Young*, 418 S.W.2d 824 (Tex.Cr.App.1967).

Applicant was convicted on a plea of guilty, pursuant to a plea bargain agreement, in Cause No. F–81–8917–HV for the offense of sexual abuse of a child and in Cause No. F–81–8953–HV for the offense of indecency with a child. V.T.C.A., Penal Code §§ 21.10(a) (repealed 1983); 21.-11(a)(2). Applicant was granted probation for a period of ten years in both cases. In February of 1983, the trial court ordered applicant's probation revoked and sentenced applicant to imprisonment in the Texas Department of Corrections for a period of 10 years in each case.

Applicant contends that the indictment in Cause No. F–81–8917–HV, charging sexual abuse of a child, fails to allege an offense against the laws of the State of Texas. We agree.

> That indictment charges that applicant did unlawfully, knowingly and intentionally engage in *deviate sexual inter-course*[1] with G_____ S_____ H_____, hereinafter called complainant, a child younger than 17 years and not then the spouse of the [applicant], *by contact between the anus of complainant and a dildo held by [applicant]*, with the intent to arouse and gratify the sexual desire of the [applicant]....

At the time of the offense, June 13, 1981, the term "deviate sexual intercourse" was defined as "any contact between any part of the genitals of one person and the mouth or anus of another." V.T.C.A., Penal Code

§ 21.01(1) (Vernon 1979). The Legislature amended § 21.01(1), expanding the definition of "deviate sexual intercourse" to include "the penetration of the genitals or the anus of another person with an object."[2] Since this amendment did not become effective until September 1, 1981, it did not apply to any offense committed before that date. See Acts 1981, 67th Leg., p. 203, ch. 96, § 4 ("The change in law made by this Act applies only to an offense committed on or after the effective date of this Act.").

This Court has held that in an indictment for the offense of sexual abuse of a child, it was not error to allege that the defendant

> did then and there intentionally and knowingly with intent to arouse and gratify the sexual desire of the said Defendant, engage in *deviate sexual inter-course* with [L.D.M.], a female child not his spouse younger than 17 years of age, *by engaging in oral deviate sexual in-tercourse.*

*Ferguson v. State*, 579 S.W.2d 2, 5 (Tex.Cr. App.1979). In *Ferguson*, we found that since Section 21.01(1) set forth two ways by which deviate sexual intercourse could be committed, either by oral or anal intercourse, the allegation of "oral deviate sexual intercourse" was not error.

■ However, the indictment in Cause No. F–81–8917–HV charges that the deviate sexual intercourse in that case was accomplished "by contact between the anus of complainant and a dildo held by [applicant]...." The indictment alleges a specific manner and means of deviate sexual intercourse which was not contemplated by Section 21.01(1). Hence, the conduct described in the indictment does not constitute an offense against the laws of the State of Texas at the time the conduct occurred. Since the indictment fails to allege an offense, it is fundamentally defective.

In addition, applicant maintains that his plea of guilty to the offense of indecency

---

1. All emphasis is supplied by the author of this opinion unless otherwise indicated.

2. Acts 1981, 67th Leg., p. 203, ch. 96, § 3.

with a child, in Cause No. F–81–8953–HV, was not voluntarily entered because the indictment for the offense of sexual abuse of a child was invalid. He claims that had he known that the indictment was invalid, he would have never entered into the plea bargain agreement.

 As stated previously, we find that the indictment for the offense of sexual abuse of a child is invalid. However, we are unable to determine from the record before us whether there exist sufficient facts which, if proven, would entitle the applicant to relief. Therefore, we order that this cause be remanded to the 292nd District Court of Dallas County for a hearing to determine the voluntariness of applicant's plea of guilty in Cause No. F–81–8953–HV. In addition, we order that the indictment in Cause No. F–81–8917–HV is dismissed. The clerk of this Court is ordered to forward a copy of this opinion to the Texas Department of Corrections.

IT IS SO ORDERED.

TOM G. DAVIS and McCORMICK, JJ., not participating.