Kenneth Dwayne SHAW, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–86–00479–CR.

Court of Appeals of Texas, Houston (1st Dist.).

April 9, 1987.

Charles H. Portz, III, Houston, for appellant.

John B. Holmes, Jr. Harris County Dist. Atty., Kathlyn Giannaula, Jay Karahan, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

This is an appeal from a conviction for involuntary manslaughter. After finding appellant guilty and the enhancement paragraph to be true, the jury assessed punishment at 15 years confinement and a $10,000 fine.

■ Appellant brings six points of error. Appellant's first point of error contends that the indictment for involuntary manslaughter was fundamentally defective because it failed to allege that appellant's intoxication was voluntary. Appellant asserts that the voluntariness of intoxication is a material element of the offense and that an indictment that fails to allege all the elements of the offense is fundamentally defective.

There is no fundamental error in indictments for cases, like this one, in which the indictment was presented after December 1, 1985. Tex.Code Crim.P.Ann. art. 1.14(b) (Vernon Supp.1987).

The first point of error is overruled.

Appellant's second point of error asserts that the trial court erred in permitting Dr. Bellas to testify from an autopsy report where the State failed to show that Dr. Bellas was a records custodian.

The record reflects that Dr. Bellas, an assistant medical examiner, testified on direct examination, as follows:

Q. Now, did—let me ask this: Do you have care, custody and control of the records of the Harris County Medical Examiner's Office?

A. Yes. I do.

Q. And are these records made in the ordinary and regular course of business of the Harris County Medical Examiner's Office?

A. Yes, they are.

Q. Are they made by someone who has personal knowledge of the acts, events of conditions depicted within those records?

A. Yes.

Q. And are those records made at or near the time of the act, event or condi-

tion reflected in those records or reasonably soon thereafter?

A. Yes, they are.

On voir dire examination, appellant's counsel questioned Dr. Bellas regarding the autopsy report.

Q. Doctor, the reports that you brought with you today, who supplied those reports to you before you came to court?

A. Who signed it?

Q. Who gave them to you?

A. I brought directly from my office.

Q. Okay. Who gave them to you?

A. From the files?

Q. Was there someone that gave them to you at the office to bring here?

A. Yes. The secretary, which is for these specific organization of the files

Q. Then the secretary would be the custodian of those records?

A. What?

Q. The secretary would be the custodian of those records?

A. We are the custodian of the records. They file the records.

Q. Okay. They file the records and keep them?

A. Yes.

Q. Okay. So, you don't keep those records at all times. Someone else takes care of them?

A. No. That's in another department.

Q. So you're not the custodian of these records, then, are you, sir?

A. Directly, no.

After questioning by appellant's counsel, the prosecutor again asked the witness about the records.

Q. Dr. Bellas, do you have authorization by Joseph Jachimczyk, the medical examiner of Harris County, to take these records and use them in the course of your testimony in court?

A. All the way.

Q. And in fact, you're authorized to take records of other doctors who performed medical examinations on bodies and actually take them to court and testify from them?

A. Definitely.

Q. Have you done that on few or many occasions?

A. Many occasions.

Q. In the courts here in Harris County, Texas.

A. Yes.

Q. So, you're authorized, and in that sense you have care, custody and control and authorization of the medical examiner to bring these records to court?

A. Any case.

The trial court overruled appellant's objection that the State had not established that Dr. Bellas was the records custodian. The trial court stated that Dr. Bellas had testified that he was the custodian.

Tex.Rev.Civ.Stat.Ann. art. 3737e (1951) (repealed 1986) provides in pertinent part:

Sec. 1. A memorandum or record of an act, event or condition shall, insofar as relevant, be competent evidence of the occurrence of the act or event or the existence of the condition if the judge finds that:

(a) It was made in the regular course of business;

(b) It was the regular course of that business for an employee or representative of such business with personal knowledge of such act, event or condition to make such memorandum or record or to transmit information thereof to be included in such memorandum or record;

(c) It was made at or near the time of the act, event or condition or reasonably soon thereafter.

Sec. 2. The identity and mode of preparation of the memorandum or record in accordance with the provisions of the paragraph one (1) may be proved by the testimony of the entrant, custodian or any other qualified witness even though he may not have personal knowledge as to the various items or contents of such memorandum or record. Such lack of personal knowledge may be shown to affect the weight and credibility of the memorandum or record but shall not affect its admissibility.

It is well settled that autopsy reports prepared by county medical examin-

ers are admissible as business records or official records or both. *Burleson v. State*, 585 S.W.2d 711, 712 (Tex.Crim.App. 1979). Dr. Bellas testified that he was the custodian of the records and that he had "care, custody and control and authorization of the medical examiners to bring these records to court." Dr. Bellas' testimony was sufficient to satisfy the statutory predicate for the introduction of the autopsy reports.

Appellant's second point of error is overruled.

■ Appellant's third point of error contends that the parole charge, Tex.Code Crim.P.Ann. art. 37.07(4) (Vernon Supp. 1987), is unconstitutional because it violates separation of powers. Appellant's fourth point of error urges that the parole charge creates an irreconcilable conflict and is a misleading jury instruction.

Appellant concedes that no objection to the parole charge based on constitutional grounds was made at trial. This Court has held that the issue of the constitutionality of article 37.07(4) may not be raised on appeal unless the issue was first raised in the trial court. *Casares v. State*, 712 S.W.2d 818 (Tex.App.—Houston [1st Dist.] 1986, pet. granted 1987). Implicit in the *Casares* holding is that the article 37.07(4) instruction does not constitute fundamental error. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985) (op. on reh'g).

Because appellant failed to raise the constitutionality of article 37.07(4) in the trial court, he failed to preserve any error for review.

Appellant's third point of error is overruled.

■ Appellant's fourth point of error urges that the trial court committed fundamental error in informing the jury about the existence of parole, but also instructing the jury not to attempt to determine how much time the appellant would actually serve. This instruction, appellant asserts, is fundamentally misleading.

Appellant relies heavily on the holding of *Rose v. State*, 05–85–1136–CR, (Tex.App.—Dallas, Aug 11, 1986), *rehearing en banc,*

724 S.W.2d 832 (Tex.App.—Dallas, 1986). The original *Rose* opinion has been withdrawn and, on rehearing, the Dallas Court of Appeals, sitting *en banc*, reversed its earlier holding. In *Rose II*, the court of appeals stated that:

> Appellant also contends that he was denied a fair and impartial trial because the instructions are self-contradictory and misleading in that they require the jurors to distinguish between the existence of the parole law in general terms and the manner of its application to the case of an individual defendant. There is nothing inherently contradictory or confusing about this distinction or the way it is described in the statute. We must not underestimate the ability of the average juror. The final instruction is no more complex or abstract that other portions of the charge in a criminal case, e.g., the application of the law to the facts. We hold that the required jury instructions present no irreconcilable conflict—they clearly tell the jury "not to consider the manner in which the parole law may be applied to this particular defendant."

We agree with the holding of *Rose II;* the jury instructions do not contain an irreconcilable conflict.

Appellant's fourth point of error is overruled.

■ A videotape of appellant was made shortly after his arrest; this videotape was inadvertently destroyed and was not available at trial. Appellant's fifth and sixth points of error address the effect of the destruction of the videotape. Appellant's fifth point of error contends that the trial court committed reversible error in failing to instruct the jury that they could consider the fact that the videotape was destroyed in considering the credibility of the State's witness on the issue of intoxication. Appellant's sixth point of error asserts that the trial court erred in permitting a police officer to testify concerning appellant's behavior while being videotaped because the videotape had been destroyed and was not available at trial.

Appellant was originally charged with driving while intoxicated. Tex.Rev.Civ. Stat.Ann. art. 6701*l*–1, note, sec. 24 (Vernon Supp.1987) provides that each county with a population of 25,000 or more shall purchase and maintain videotape equipment in order to visually record a person charged with driving while intoxicated.

When appellant was charged for driving while intoxicated, he was videotaped. When the complainant died, appellant was charged with involuntary manslaughter, and the DWI charge was dismissed. The videotape was destroyed by order of the prosecutor in the county court where the DWI was filed. The prosecutor testified that the videotape had been destroyed, and that the destruction was an error. On cross-examination, the prosecutor testified that the inadvertent destruction of the videotape was not standard procedure. The custodian of the videotape records testified that a videotape of appellant was placed in a locked box and numbered and filed with "other DWI tapes." The custodian testified that after a case is disposed of, a destruction order is given so that the tape can be erased and reused. The custodian testified that she received a destruction order concerning "the videotape involving the defendant Kenneth Dwayne Shaw."

Article 6701*l*–1, note, sec. 24(c) specifically provides:

> The fact that an arresting officer or other person acting on behalf of the state failed to visually record a person arrested for an offense listed in Subsection (a) of this section is admissible at the trial of the offense if the offense occurred in a county required to purchase and maintain electronic devices under this section.

Appellant in his fifth point of error argues that while the requested jury charge is not expressly authorized, the failure to instruct the jury on the requirements of article 6701*l*–1, note, sec. 24 would frustrate the purpose of the statute. Appellant asserts that the article was "meant not only to require that persons arrested for DWI and involuntary manslaughter be videotaped but, that the tape be preserved for later use at trial."

We disagree. Paragraph (c) provides the sanction to be imposed when no recording is made, i.e., presentment of that fact at trial. *Weaver v. State,* 700 S.W.2d 776, 777 (Tex.App.—Fort Worth 1985, pet. ref'd 1986). This Court held in *Maddox v. State,* 705 S.W.2d 739, 741 (Tex.App.—Houston [1st Dist.] 1986, pet. granted 1987), that the statute "imposes no other sanctions on the county's failure to maintain or use the video equipment." The appellant was able to provide the information of the destruction of the videotape to the jury.

■ Moreover, the requested instruction was improper. It is not proper for a court to single out certain testimony and comment on it. Appellant's requested instruction would have constituted an improper comment on the weight of the evidence. *See Chambers v. State,* 700 S.W.2d 597 (Tex.Crim.App.1985).

Appellant's fifth point of error is overruled.

Appellant argues in his sixth point of error that the trial court erred in permitting a police officer to testify concerning appellant's behavior while being videotaped where the videotape was destroyed and not available at trial.

Appellant initially objected that "for purposes of the best evidence rule, if he's going to described what took place in that video, we want to see the video and have it produced." This objection was withdrawn. Appellant again objected, this time stating that "the video would be descriptive of what he's testifying to." When the officer testified that the videotape had been destroyed, appellant removed his objection stating that "if the videotape is not available where we are not allowed proper cross-examination to determine what is contained on the videotape, to determine whether his testimony accurately reflects something that is contained in the video tape, which is a document...." Appellant finally stated that "we would object to him testifying about the contents of that videotape."

Appellant's objection at trial was based on the best evidence rule. Appellant now

**894**

argues on appeal that the purpose of article 67011–1, note, sec. 24 would be frustrated in admitting the officer's testimony. Appellant now asserts that the State was under a duty to videotape and to preserve the videotape and that failing in that duty, the exclusion of the officer's testimony is an appropriate remedy. (As noted above, the remedy for the lack of the videotape was introduction of that fact at trial.)

 Appellant's objection does not comport with his objection at trial. Error presented on appeal must be the same as the objection raised before the trial court. *Pennington v. State*, 697 S.W.2d 387, 390 (Tex.Crim.App.1985). Since the trial objection does not comport with the contention on appeal, nothing is presented for review. *Id.*

Appellant's sixth point of error is overruled.

The judgment of the trial court is affirmed.