**Richard Charles MILAM, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–87–00210–CR.**

Court of Appeals of Texas,
Dallas.

Dec. 8, 1987.

Rehearing Denied Jan. 8, 1988.

Danny D. Burns, Dallas, for appellant.

Constance M. Maher, Dallas, for appellee.

Before STEPHENS, STEWART and BAKER, JJ.

STEWART, Justice.

Richard Charles Milam pleaded guilty to possession of phenylacetone with intent to manufacture amphetamine. The trial court, pursuant to a plea bargain, assessed punishment at fifteen years' confinement. In two points of error, appellant contends that: 1) he "is being illegally restrained of his liberty by the ex post facto legislation under which he was convicted;" and 2) the scope of the search which led to the seizure of the contraband exceeded the authorization by the search warrant. We agree that the conviction must be reversed because of the ex post facto application of the law. Thus, we need not address appellant's second point of error.

The State contends that this Court has no jurisdiction to consider this appeal because appellant pleaded guilty. Thus, we must first determine whether this Court has jurisdiction to consider the points of error raised by appellant. This Court has appellate jurisdiction over district court cases; such jurisdiction is subject to restrictions and regulations prescribed by law. TEX.CONST. art. V, § 6; *see Ex Parte Lewis*, 663 S.W.2d 153, 154 (Tex.App.—Amarillo 1983, no pet.) (jurisdiction is not unlimited or absolute). Once jurisdiction of an appellate court is invoked, however, exercise of its reviewing function is limited only by its own discretion or by a valid restrictive statute. *Carter v. State*, 656 S.W.2d 468, 469 (Tex.Crim.App.1983). Jurisdiction is invoked by giving proper notice of appeal. *Id.*

Prior to 1977, a defendant in any criminal action had the right to appeal. Texas Code of Criminal Procedure, ch. 722, § 1, 1965 Tex.Gen.Laws 317, 511, *amended by* Act of June 10, 1977, ch. 351, § 1, 1977 Tex.Gen. Laws 940, 940–41. Although a defendant who pleaded guilty could appeal under the statute, the courts held that a voluntary guilty plea waived all nonjurisdictional defects. *Helms v. State*, 484 S.W.2d 925, 927 (Tex.Crim.App.1972). Thus, the courts limited the exercise of their reviewing function by their own discretion. *See Carter*, 656 S.W.2d at 469.

The legislature amended the statute, effective August 29, 1977, to read as follows:

A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed, provided, however, before the defendant who has been convicted upon his plea of guilty or plea of nolo contendere before the court and the court, upon the election of the defendant, assesses punishment and the punishment does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney may prosecute his appeal, he must have permission of the trial court, except on those matters which have been raised by written motion filed prior to trial. This article in no way affects appeals pursuant to Article 44.17 of this chapter.

Act of June 10, 1977, ch. 351, § 1, 1977 Tex.Gen.Laws 940, 940–41 (codified at TEX.CODE CRIM.PROC.ANN. art. 44.02 (Vernon 1979)), *repealed by* Act of June 14, 1985, ch. 685, § 4, 1985 Tex.Gen.Laws 2472, 2472–73, *and* Order of the Texas Court of Criminal Appeals Adopting the Texas Rules of Appellate Procedure, December 18, 1985.

Under article 44.02, the courts held that a defendant had to show the following requisites in order to invoke the jurisdiction of the appellate court: 1) existence of a plea bargaining agreement with the State; 2) punishment assessed by the trial court at or within that recommended by the prosecutor and agreed to personally by the defendant; and 3) the basis for the appellate point of error had been presented in writing, prior to trial, to the trial court or the trial court had given permission to pursue an appeal. *Galitz v. State*, 617 S.W.2d 949, 951 (Tex.Crim.App.1981). If the record

failed to show all three elements, the appellate court had no jurisdiction to consider the appeal. *Id.* at 952; *McCall v. State,* 690 S.W.2d 669, 670–71 (Tex.App.—Dallas 1985, pet. ref'd). The appellate court lacked jurisdiction to consider even fundamental error in the interest of justice. *Morris v. State,* No. 0197–84, slip op. at 5 (Tex.Crim.App. April 30, 1986) (not yet reported). *But see Whetstone v. State,* 739 S.W.2d 650, 651 (Tex.App.—Dallas, no pet.) (this court has jurisdiction to consider errors which deprived the trial court of jurisdiction). The Court of Criminal Appeals held further that article 44.02 was a valid restrictive statute, limiting jurisdiction of the court of appeals. *Morris,* No. 0197–84, slip op. at 4–5. *But see Morris,* slip op. at 11–12 n. 12 (Clinton, J., dissenting) (article 44.02 is a permissive, rather than restrictive, statute).

Article 44.02 has been repealed in part and replaced by the enactment of the Texas Rules of Appellate Procedure. The new rules apply "to posttrial, appellate and review procedures and steps completed or required to have been completed on or after September 1, 1986." Order Implementing the Texas Rules of Appellate Procedure in Criminal Cases, September 22, 1986. The new rule provides:

> Appeal is perfected in a criminal case by giving timely notice of appeal; .... Notice of appeal shall be given in writing filed with the clerk of the trial court. Such notice shall be sufficient if it shows the desire of the defendant to appeal from the judgment or other appealable order; but if the judgment was rendered upon his plea of guilty...., and the punishment assessed does not exceed the punishment recommended by the prosecutor and agreed to by the defendant and his attorney, in order to prosecute an appeal for a nonjurisdictional defect or error that occurred prior to entry of the plea the notice shall state that the trial court granted permission to appeal or shall specify that those matters were raised by written motion and ruled on before trial.

TEX.R.APP.P. 40(b). In some respects, the new rule tracks the language of article 44.02. However, the rule explicitly excludes jurisdictional defects from these notice requirements.

■ As stated previously, it has been held that the 1977 version of article 44.02 was a valid restrictive statute, limiting jurisdiction of the court of appeals. *See Morris,* No. 0197–84, slip op. at 4–5. Rule 40 replaces that statute and serves the same function as article 44.02. However, Rule 40 does not place restrictions upon the jurisdiction of this Court to consider the trial court's lack of jurisdiction. Absent such a restriction, we have jurisdiction to consider jurisdictional defects once a proper notice of appeal is timely filed.

■ Appellant's handwritten notice of appeal states:

> Comes now defendant and gives notice of his intent to appeal to the Fifth Circuit [sic] Court of Appeals in Dallas, Texas from his conviction and sentence.

The notice was filed with the clerk of the trial court on February 13, 1987. The notice is clearly sufficient, under Rule 40, to invoke this court's jurisdiction with regard to the trial court's lack of jurisdiction. Because we conclude that appellant's first point of error calls our attention to a jurisdictional defect which requires reversal of the conviction, we need not decide whether the notice complies with the requirements of Rule 40 to invest this court with jurisdiction to consider nonjurisdictional defects.

In his first point of error, appellant complains of an ex post facto application of the statute under which he was convicted. The indictment alleges that on or about August 2, 1985, appellant did:

> then and there, knowingly and intentionally possess a controlled substance, to-wit: phenylacetone, in an amount by aggregate weight including any adulterants or diluents, 400 grams or more with the intent to manufacture a controlled substance, to wit: amphetamine.

Prior to September 1, 1985, possession of phenylacetone was prohibited by statute only when it was possessed together with methylamine with intent to manufacture methamphetamine. Controlled Substances

Act, ch. 598, § 2, 1979 Tex.Gen.Laws 1278, 1282 (section 2.02(d)), *amended by* Act of June 3, 1985, ch. 227, § 2, 1985 Tex.Gen. Laws. 1102, 1111. In 1985, the legislature amended the statute to include phenylacetone alone in Schedule II of the Controlled Substances Act. TEX.REV.CIV.STAT. ANN. art. 4476–15, § 2.04(f)(2) (Vernon Supp.1987). The effective date of the amendment was September 1, 1985, one month *after* appellant allegedly possessed phenylacetone in contravention of the statute.

■■■ A statute violates the constitutional prohibition against ex post facto laws if it makes criminal an act that was innocent before its passage. *Millican v. State*, 145 Tex.Crim. 195, 167 S.W.2d 188, 190 (1942). Although a statute is not retroactive on its face, it may violate the prohibition against ex post facto legislation if it is applied to offenses occurring before its effective date. *Lindsey v. State*, 672 S.W.2d 892, 894 (Tex.App.—Dallas 1984, pet. ref'd). It seems clear, then, that the amended statute, as applied to appellant, constitutes an unconstitutional retroactive application of the law. *See* TEX.CONST. art. I, § 16. Our inquiry is not ended upon having reached this conclusion. We must determine whether such error constitutes a jurisdictional defect which we have the power to consider pursuant to Rule 40 of the Rules of Appellate Procedure.

■■■ The Texas Constitution provides that the presentment of an indictment to a court invests the court with jurisdiction of the cause, an indictment being "a written instrument presented to a court by a grand jury charging a person with the commission of an offense." TEX.CONST. art. V, § 12. An indictment's failure to allege an offense prevents the district court from acquiring jurisdiction. *Ex parte Barcelo*, 577 S.W.2d 499, 500 (Tex.Crim.App.1979). In *Ex parte Hawkins*, 722 S.W.2d 424 (Tex. Crim.App.1986), an ex post facto problem resulted in a fundamentally defective indictment. The defendant was indicted for deviate sexual intercourse "by contact between the anus of complainant and a dildo held by" defendant. Such conduct was al-

leged to have occurred on June 13, 1981. The statute in effect at that time defined deviate sexual intercourse as "any contact between any part of the genitals of one person and the mouth or anus of another." The legislature amended the definition after June 13, 1981, broadening deviate sexual intercourse to include "the penetration of the genitals or the anus of another person with an object." The Court of Criminal Appeals stated:

> The indictment alleges a specific manner and means of deviate sexual intercourse which was not contemplated by [the statute prior to amendment]. Hence, *the conduct described in the indictment does not constitute an offense against the laws of the State of Texas at the time the conduct occurred.* Since the indictment fails to allege an offense, it is fundamentally defective.

*Ex parte Hawkins*, 722 S.W.2d at 425 (emphasis added).

■■■ As in *Hawkins*, the indictment in this case fails to allege conduct that constituted an offense against the laws of the State at the time the conduct occurred. Such failure to allege an offense deprives the trial court of jurisdiction. *Barcelo*, 577 S.W.2d at 500. We have jurisdiction to address such error, and must reverse the conviction.

■■■ We are aware of the recent amendment to article 1.14, which states:

> If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal....

TEX.CODE CRIM.PROC.ANN. art. 1.14(b) (Vernon Supp.1987). The amendment applies to all indictments presented after December 1, 1985. The indictment in this case was presented May 28, 1986. The record discloses no objection on the grounds that the indictment fails to allege an offense.

Courts and commentators have recognized that article 1.14(b), as amended, has

abolished or limited the doctrine of fundamental error in indictments. *See Shaw v. State*, 728 S.W.2d 889, 890 (Tex.App.—Houston [1st Dist.] 1987, no pet.); *Aylor v. State*, 727 S.W.2d 727, 730 (Tex.App.—Austin 1987, no pet.); Dix, *Texas Charging Instrument Law: The 1985 Revisions and the Continuing Need for Reform*, 38 BAYLOR L.REV. 1, 34 (1986). The court in *Hawkins*, in an opinion issued December 23, 1986, called the indictment which failed to allege an offense "fundamentally defective." *Hawkins*, 722 S.W.2d at 425. However, the indictment in that case was presented before the 1985 amendments to the Texas Constitution and article 1.14. Hence, it is unclear whether the failure to allege an offense is a defect which will be termed fundamental after the enactment of article 1.14(b).

One commentator suggests:

Under the terms of [article 1.14(b)], a defendant looses [sic] the right to raise a defect, error or irregularity by failing to object before trial if that defect, error or irregularity is 'in an indictment or information'. *If amended article V, section 12* [of the Texas constitution] defines indictments and information so as to exclude instruments failing to allege facts amounting to the offense, the absence of such allegations is not a defect in an indictment or information. So read, amended article 1.14(b) simply does not address the manner in which defendants must raise defects in what only purport to be indictments or informations.

*Texas Charging Instrument Law*, 38 BAYLOR L.REV. at 41.

The Texas Constitution defines indictment as follows: "An indictment is a written instrument presented to a court by a grand jury *charging a person with the commission of an offense.*" TEX.CONST. art. V, § 12 (as amended November 5, 1985). As stated previously, the written instrument presented to the court in this case does not allege an offense. *See Ex parte Hawkins*, 722 S.W.2d at 425. In fact, it alleges conduct that was legal at the time it occurred. On August 2, 1985, possession of phenylacetone alone was not proscribed by a criminal statute. The failure to charge appellant with criminally prohibited conduct prevents the instrument presented by the grand jury from meeting the constitutional requirements of an indictment. Thus, appellant's failure to object to the instrument under article 1.14(b) is not fatal to his appeal. Because the instrument presented to the trial court did not constitute an indictment as defined by the Texas Constitution, the trial court's jurisdiction was not invoked.

Consequently, we hold that appellant has not waived the right to complain of the lack of an indictment vesting the trial court with jurisdiction. Because we conclude that the ex post facto application of the law resulted in an instrument which failed to allege a criminal offense, we reverse the judgment of the trial court and dismiss the purported indictment.