**Danny Boy HILL, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–87–028–CR.**

Court of Appeals of Texas, Fort Worth.

Jan. 21, 1988.

On Rehearing April 28, 1988.

Ordered Published May 2, 1988.

Rehearing Denied June 2, 1988.

Grant Q. Poynor, Dallas, for appellant.

Jerry Cobb, Criminal Dist. Atty., and Jim E. Crouch, Asst. Dist. Atty., Denton, for the State.

Before FENDER, C.J., and HILL and KELTNER, JJ.

## OPINION

HILL, Justice.

Danny Boy Hill appeals his conviction by a jury of the offense of forgery. The jury, finding that Hill had committed two prior felonies, assessed his punishment at sixty years in the Texas Department of Corrections. In his sole point of error, Hill contends that the indictment is fundamentally defective for failure to charge the offense of forgery, since it fails to allege that "the act was of another who did not authorize the act," as required by section 32.21 of the Penal Code.

■ We affirm, because we find that Hill waived his right to raise an objection of such an error in the indictment on appeal since this indictment was returned after December 1, 1985, and Hill presented no pre-trial objection to the indictment. TEX. CODE CRIM.PROC.ANN. art. 1.14 (Vernon Supp.1988). Also, *see Shaw v. State*, 728 S.W.2d 889, 891 (Tex.App.—Houston [1st Dist.] 1987, no pet.). All authorities cited by Hill predate December 1, 1985, the effective date of article 1.14(b). We overrule Hill's sole point of error.

The judgment is affirmed.

## OPINION ON REHEARING

In his motion for rehearing, Hill complains in three points of error that our reliance on article 1.14 of the Texas Code of Criminal Procedure in affirming his conviction is in error, because the article is not intended to apply to indictments which are insufficient to allege a criminal offense. He asserts that to hold otherwise amounts to a denial of his right to an indictment by a grand jury as guaranteed to him by article I, section 10 of the Texas Constitution, and that it allows him to be bound over for trial without due course of the law of the land as set out in article I, section 19 of the Texas Constitution.

We overrule all his points of error on rehearing and again find he waived any error in the indictment because of his failure to object before trial as required by article 1.14 of the Texas Code of Criminal Procedure. We do not reach Hill's conten-

tion that article 1.14 is not intended to apply to indictments which are insufficient to allege a criminal offense, because we find the indictment is sufficient to allege a criminal offense.

Article 1.14 of the Code of Criminal Procedure was enacted to be effective only upon the passage of an amendment to section 12 of article V of the Texas Constitution.

Article V, section 12(b) of the Texas Constitution now provides as follows:

(b) An indictment is a written instrument presented to a court by a grand jury charging a person with the commission of an offense. An information is a written instrument presented to a court by an attorney for the State charging a person with the commission of an offense. The practice and procedures relating to the use of indictments and informations, including their contents, amendment, sufficiency, and requisites, are as provided by law. The presentment of an indictment or information to a court invests the court with jurisdiction of the cause.

TEX. CONST. art. V, sec. 12(b).

Article 1.14 of the Texas Code of Criminal Procedure now provides:

(a) The defendant in a criminal prosecution for any offense may waive any rights secured him by law except the right of trial by jury in a capital felony case.

(b) If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other postconviction proceeding. Nothing in this article prohibits a trial court from requiring that an objection to an indictment or information be made at an earlier time in compliance with Article 28.01 of this code.

TEX.CODE CRIM.PROC.ANN. art. 1.14 (Vernon Supp.1988).

The Court of Appeals for the First District has held that these provisions apply to assertions that an indictment is fundamentally defective because it fails to allege all of the essential elements of the offense charged. *Shaw v. State,* 728 S.W.2d 889, 890 (Tex.App.—Houston [1st Dist.] 1987, no pet.). *See also* Dix, *Texas Charging Instrument Law: The 1985 Revisions and the Continuing Need for Reform,* 38 BAYLOR L.REV. 1, 43 (1986).

In support of his position, Hill relies on only two opinions written since 1985, the opinion in *Gomez v. State,* 730 S.W.2d 144, 145 (Tex.App.—Corpus Christi 1987, pet. ref'd), and the opinion of this court in *Spelling v. State,* 719 S.W.2d 404 (Tex. App.—Fort Worth 1986, pet. granted).

We note first that the charging indictment in *Spelling* and the complaint in *Gomez* were both presented before December 1, 1985, so that article 1.14 was not applicable in either case.

Although perhaps too recent to have been cited by Hill, his position was adopted by the Fifth Court of Appeals District in the case of *Milam v. State,* 742 S.W.2d 810 (Tex.App.—Dallas 1987, no pet.). In that case, the court held that since the instrument presented by the grand jury did not allege an offense, it was not an indictment and therefore the trial court was without jurisdiction. *Id.* at 815. The court held that the defendant had not waived his rights to complain of the lack of an indictment vesting the trial court with jurisdiction, because article V, section 12, as amended, defines indictments and informations so as to exclude instruments failing to allege facts amounting to an offense. *Id.*

■ Article V, section 12, defines an indictment as "a written instrument presented to a court by a grand jury charging a person with the commission of an offense." TEX. CONST. art. V, sec. 12. In this case, the grand jury presented a written instrument to the court. It charged that Hill had forged a writing by passing it to another, with intent to defraud and harm another. Section 32.21(b) of the Texas Penal Code provides that "a person commits an offense if he forges a

writing with intent to defraud or harm another." TEX.PENAL CODE ANN. sec. 32.21(b) (Vernon Pamph.Supp.1988). The instrument, therefore, would appear to charge Hill with an offense. However, as Hill pointed out in his brief on original submission, an allegation that the writing purported to be the act of another who did not authorize the act is an essential element of the offense of forgery and must be plead, even when the indictment alleges forgery and this element is included in the definition of "forge" contained in section 32.21 of the Penal Code. *See Landry v. State*, 583 S.W.2d 620, 626–27 (Tex.Crim. App. [Panel Op.] 1979) (opinion on reh'g). Hill contends that since the instrument in this case does not contain such an allegation, it does not charge him with an offense. He says that since it does not charge him with an offense, it was not an indictment as defined in article V, section 12(b) of the Texas Constitution, so that he did not waive his right because article 1.14 only applies to objections to indictments. We do not reach Hill's contention, because we find that the instrument contains the equivalent of such an allegation.

 The instrument contains the allegation that the writing purported to be the act of an employee of M & B Metal Products, Jan P. Augmar, when in fact there was not an employee of M & B Metal Products named Jan P. Augmar. We hold that an allegation of the non-existence of the person whose writing the instrument is purported to be stands necessarily as an allegation that such person did not authorize the act.

In *Milam v. State*, 742 S.W.2d at 810, the instrument alleged facts which at the time of their alleged commission did not constitute an offense. In this case, the instrument did allege facts which constituted an offense.

We overrule Hill's Motion for Rehearing.