

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00217-CR

_____

JOHNNY RAY CONLEY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 8th District Court
Delta County, Texas
Trial Court No. 7661

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Following his conviction for aggravated sexual assault of a child,[1] Johnny Ray Conley appeals, alleging that the judgment and conviction violate his protection against double jeopardy. Conley was tried on four indictments in one trial; each indictment alleged a distinct commission of aggravated sexual assault upon the same child. Conley argues on appeal that the manner in which the State indicted him exposed him to multiple convictions in violation of the Double Jeopardy Clause of the Fifth Amendment.[2] We disagree and affirm the trial court's judgment and sentence.

## I. Analysis

Each indictment alleged the commission of the offense in the same manner against the same child on a different date. Conley points out that aggravated sexual assault of a child is a predicate offense to the crime of continuous sexual abuse.[3] Conley seems to reason that because of this fact, if he had been convicted of continuous sexual abuse, his four convictions would amount to double jeopardy. In support, he cites *Price v. State*, 434 S.W.3d 601 (Tex. Crim. App. 2014), where the Texas Court of Criminal Appeals found that a conviction for continuous sexual abuse precluded a conviction for attempted commission of one of the predicate offenses. *Id*. at

---

[1]*See* TEX. PENAL CODE ANN. § 22.021. We also affirm Conley's other convictions in companion cause numbers 06-19-00218-CR, 06-19-00219-CR, and 06-19-00220-CR. Conley was convicted and sentenced to seventy-five years' incarceration in each case. The trial court ordered the sentences for cause numbers 06-19-00217-CR, 06-19-00218-CR, and 06-19-00219-CR to run concurrently and the sentence for 06-19-00220-CR to run consecutively.

[2]In his brief, Conley admits that he did not make this double-jeopardy objection at trial but argues that the trial court's error in allowing the indictment to proceed as alleged was fundamental error. Yet, even if the issue had been preserved, Conley's argument is meritless for the reason stated below. Consequently, we do not address the question of whether the fundamental error exception to the error preservation requirement applies in this case.

[3]*See* TEX. PENAL CODE ANN. § 21.02.

609, 611. Based on *Price*, Conley implies that the State should have charged him with one count of continuous sexual abuse of a child rather than four separate offenses of aggravated sexual assault of a child.

Nevertheless, the offense of continuous sexual abuse of a child was not added to the Texas Penal Code and made effective until September 1, 2007. *See* Act of May 17, 2007, 80th Leg., R.S., ch. 593, § 1.17, 2007 Tex. Gen. Laws 1127, 1127–28 (codified at TEX. PENAL CODE § 21.02). "A statute is presumed to be prospective in operation unless expressly made retrospective." TEX. GOV'T CODE ANN. § 311.022; *see Kirby v. State*, 883 S.W.2d 669, 671 n.3 (Tex. Crim. App. 1994). There is nothing in the text of Section 21.02 suggesting it applies to conduct occurring prior to the statute's effective date. In fact, the commentary following the Legislature's enactment of the statute states that, other than exceptions not applicable to Conley's situation, the "[a]ct applies only to an offense committed on or after September 1, 2007." Act of May 17, 2007, 80th Leg., R.S., ch. 593, § 1.17, 2007 Tex. Gen. Laws 1127, 1148 (codified at TEX. PENAL CODE § 21.02). Each indictment alleged that the conduct in this case occurred in 2001. Therefore, had the State indicted Conley for continuous sexual abuse of a child, that indictment would have alleged conduct that did "not constitute an offense against the laws of the State of Texas at the time the conduct occurred." *Ex parte Hawkins*, 722 S.W.2d 424, 425 (Tex. Crim. App. 1988).

Moreover, the child complainant was specific in her testimony that Conley engaged in the alleged conduct on at least four occasions, at or near the time alleged in the State's indictments. The law is clear that separate acts committed on separate dates are separate criminal offenses even if they were all committed against the same victim. *See Aekins v. State*, 447 S.W.3d 270, 278

(Tex. Crim. App. 2014) ("A person who commits more than one sexual act against the same person may be convicted and punished for each separate and discrete act, even if those acts were committed in close temporal proximity.").  Accordingly, the State could not have indicted Conley for continuous sexual abuse of a child, and the State was permitted to charge him with four separate counts of aggravated sexual assault of a child.   Consequently, Conley has failed to show how he was placed in jeopardy twice for the same conduct.

## I.      Conclusion

We overrule Conley's sole point of error.  The trial court's judgment and sentence are affirmed.


Ralph K. Burgess
Justice


Date Submitted:       April 1, 2020
Date Decided:         April 2, 2020

Do Not Publish