**Verna Evadine ALLEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 64559.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 10, 1980.

W. Lawrence Gray, Houston, for appellant.

John B. Holmes, Dist. Atty., and Larry P. Urquhart and Antonio Balderas, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, TOM G. DAVIS and W. C. DAVIS, JJ.

OPINION

ROBERTS, Judge.

This appellant brings a First Amendment challenge to Section 104.01(4) of the Alcoholic Beverage Code:[1]

---

1. At the time the appellant committed her offense, the subdivision in question was numbered (5). It was renumbered (4), but not otherwise changed, by 1979 Texas Gen.Laws ch. 114.

"No person authorized to sell beer at retail, nor his agent, servant, or employee, may engage in or permit conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including, but not limited to, any of the following acts:

\*   \*   \*   \*   \*   \*

"(4) solicitation of any person to buy drinks for consumption by the retailer or any of his employees;

\*   \*   \*"

She pleaded nolo contendere to an information which charged that on or about June 7, 1979, while she was the agent of Richard McCullough, a retailer authorized to sell beer on premises licensed under the laws of Texas, she knowingly solicited on the licensed premises W. R. Morris to buy drinks for consumption by her. No evidence was introduced, and she was found guilty on her plea.

■ The appellant argues that, "the invalidity of the statute lies in the fact that its enforcement operates to prohibit and restrain freedom of speech." That fact does not of itself mean that a statute is invalid.

"[I]t has never been deemed an abridgement of freedom of speech or press to make a course of conduct illegal merely because the conduct was in part initiated, evidenced, or carried out by means of language, either spoken, written, or printed." *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490 [69 S.Ct. 684, 93 L.Ed. 834], 502 (1949). Numerous examples could be cited of communications that are regulated without offending the First Amendment, such as the exchange of information about securities, *SEC v. Texas Gulf Sulphur Co.*, 401 F.2d 833 (CA2 1968), cert. denied, 394 U.S. 976 [89 S.Ct. 1454, 22 L.Ed.2d 756] (1969),

corporate proxy statements, *Mills v. Electric Auto–Lite Co.*, 396 U.S. 375 [90 S.Ct. 616, 24 L.Ed.2d 593] (1970), the exchange of price and production information about competitors, *American Column & Lumber Co. v. United States*, 257 U.S. 377 [42 S.Ct. 1918, ——, 23 L.Ed.2d 547] (1969). ployers' threats of retaliation for the labor activities of employees, *NLRB v. Gissel Packing Co.*, 395 U.S. 575, 618 [89 S.Ct. 1918, ——, 23 L.Ed.2d 547] (1969). See *Paris Adult Theatre I v. Slaton*, 413 U.S. 49, 61–62 [93 S.Ct. 2628, 37 L.Ed.2d 446] (1973). Each of these examples illustrates that the State does not lose its power to regulate commercial activity deemed harmful to the public whenever speech is a component of that activity."

*Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 456, 98 S.Ct. 1912, 1918, 56 L.Ed.2d 444 (1978). In–person solicitation of remunerative employment by a lawyer may be forbidden because it is only marginally affected with First Amendment concerns while its regulation is in furtherance of important state interests. *Id.* at 459, 98 S.Ct. at 1920.

■ If anything, there must be even fewer First Amendment concerns affecting solicitation of drinks by a beer retailer's employee. On the other hand, the state's interest in regulating the conduct of beer retailers has been made even stronger than its interest in regulating the legal profession. The Twenty–First Amendment[2] undoubtedly strengthens the case for upholding state regulation of the delivery and use of alcoholic beverages, even when speech is affected. *California v. La Rue*, 409 U.S. 109, 111, 93 S.Ct. 390, 393, 34 L.Ed.2d 342 (1972). By the same reasoning, Article 16, Section 20,[3] of the Texas Constitution must strengthen the case for upholding such regulations, even in light of the "liberty to

---

2. " \* \* \* The transportation or importation into any State, Territory, or possession of the United States for delivery or use therein of intoxicating liquors, in violation of the laws thereof, is hereby prohibited."

3. " \* \* \* The Legislature shall also have the power to regulate the manufacture, sale, possession and transportation of intoxicating liquors, including the power to establish a State Monopoly on the sale of distilled liquors. \* \* "

speak his opinions" provision of Article 1, Section 8.[4]

The appellant's reliance on *Dubisson v. State*, 572 S.W.2d 694 (Tex.Cr.App.1978), is misplaced. In that case we considered an ordinance which prohibited mingling and soliciting by employees of any establishment in which food or beverage is sold to be consumed on the premises. We held that, "*Unaided by the specific grant of power from the Twenty–first Amendment*, the City of San Antonio exceeded its general delegated police power by enacting Ordinance 46370." *Id.* at 699. We carefully noted that the Twenty–first Amendment conferred more than normal authority over public health, welfare, and morals, and that ordinances which involved only regulation of intoxicating liquor had been upheld. *Id.* at 697. Far from supporting the appellant, *Dubisson* helps to explain why the statute now in question is valid.

The appellant also argues that the statute is overbroad. The solicitation of drinks is commercial speech. *Dubisson v. State*, 572 S.W.2d 694, 698 (Tex.Cr.App. 1978). On the subject of overbreadth attacks on regulation of commercial speech, the Supreme Court noted in *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 462 n. 20, 98 S.Ct. 1912, 1922 n. 20, 56 L.Ed.2d 444 (1978):

"Nor could appellant make a successful overbreadth argument in view of the Court's observation in *Bates* [*v. State Bar of Arizona*, 433 U.S. 350, 97 S.Ct. 2691, 53 L.Ed.2d 810 (1977)] that 'the justification for the application of overbreadth analysis applies weakly, if at all, in the ordinary commercial context.' 433 U.S., at 380 [97 S.Ct., at 2707]. Commercial speech is not as likely to be deterred as noncommercial speech, and therefore does not require the added protection afforded by the overbreadth approach.

"Even if the commercial speaker could mount on overbreadth attack, 'where conduct and not merely speech is involved, . . . the overbreadth of a statute

must not only be real, but substantial as well, judged in relation to the statute plainly legitimate sweep.' *Broadrick v. Oklahoma*, 413 U.S. 601, 615 [93 S.Ct. 2908, 2917, 37 L.Ed.2d 830] (1973)."
Judged by this standard, Section 104.01(4) of the Alcoholic Beverage Code cannot be said to sweep substantially outside its plainly legitimate breadth.

The appellant also asserts, without elaboration, that the statute "lacks the standards of precision and clarity required." We cannot agree. *See Page v. State*, 492 S.W.2d 576 (Tex.Cr.App.1973).

The judgment is affirmed.

---

4. "Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privi-

lege; and no law shall ever be passed curtailing the liberty of speech or of the press. * * * *"