**Yolanda Garza VELA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–88–384–CR.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Rehearing Denied Oct. 5, 1989.

Anthony Osso, Houston, for appellant.

John D. Holmes, Jr., Houston, for appellee.

Before NYE, C.J., and DORSEY and KENNEDY, JJ.

## OPINION

DORSEY, Justice.

A jury found appellant, Yolanda Vela, guilty of soliciting drinks, a misdemeanor offense. The trial court assessed punishment at 180 days' confinement in the Harris County Jail plus a $500.00 fine. Appellant now complains of the judgment by six points of error. We reverse.

On December 30, 1987, R.E. Egdorf was working as an undercover vice officer for the Houston Police Department. He was assigned to topless bars in the Houston area for the purpose of enforcing laws relating to the operation of those establishments.

While at a club known as the High Ten Cabaret, Egdorf met Terry Wright and another woman known to him as Ms. Nelms, who told him they were dancers who worked at the High Ten Cabaret during the day and another club, the Lipstick Cabaret, at night. They requested that Egdorf meet

them at the Lipstick Cabaret the following evening.

On December 21, 1987, the officer arrived at the Lipstick Cabaret at approximately 9:15 p.m. Appellant met him at the door and asked him if he wanted a table. She escorted him to a table and asked him if he would like a drink. When Egdorf agreed, appellant went to the bar. When she returned, the officer paid appellant for the drink and tipped her. Moments later, a dancer named Shannon Bowman approached Egdorf, who asked the woman if she knew where Terry Wright was. Bowman left the table to find Wright.

Egdorf then observed Wright and Nelms exit a dressing room behind the dance stage. The women came to his table, where the three of them conversed for several minutes and had a round of drinks. At that point, appellant approached the officer and asked him if he wanted another drink; he said, "No."

The evidence is conflicting in regard to what appellant said next. According to Egdorf, she said, "The ladies' glasses are empty, aren't you going to buy them a drink?" The officer then replied, "Well, if you're asking me to buy them a drink, I'll go ahead and buy them a drink." Appellant responded, "I know what they're drinking," and proceeded to the bar. Appellant repeated the solicitation several times during the night.

According to appellant, Egdorf ordered all the drinks and simply told her to "get [the ladies] what they need." She denied soliciting any drinks for Wright and Nelms.

At midnight, having completed his investigation of almost three hours duration, Officer Egdorf left the Lipstick Cabaret and met a fellow officer outside the club. After discussing the events of the evening, the officers decided to arrest appellant for soliciting drinks.

The information charges that appellant, "while the employee of Leo Kalantsakis, a retailer authorized to sell beer on premises licensed under the laws of Texas, knowingly solicit[ed] R.E. Egdorf to buy drinks for consumption by Terry Wright on the licensed premises."

Tex.Alco.Bev.Code Ann. § 104.01 (Vernon Supp.1989) provides:

No person authorized to sell beer at retail, nor his agent, servant, or employee, may engage in or permit conduct on the premises of the retailer which is lewd, immoral, or offensive to public decency, including, but not limited to, any of the following acts:

\*　　\*　　\*　　\*　　\*　　\*

(r) solicitation of any person to buy drinks for consumption by the retailer or any of his employees;

By her first point of error, appellant asserts the trial court lacked jurisdiction to try her case because the information is fundamentally defective in that it fails to allege that Terry Wright, the person for whom appellant allegedly solicited a drink, was an employee of Leo Kalantsakis, the owner of the Lipstick Cabaret.

We note that the information in the instant case was returned after December 1, 1985, the effective date of Tex.Code Crim. Proc.Ann. art. 1.14(b) (Vernon Supp.1989). Article 1.14(b) reads as follows:

If the defendant does not object to a defect, error, or irregularity of form or substance in an indictment or information before the date on which the trial on the merits commences, he waives and forfeits the right to object to the defect, error, or irregularity and he may not raise the objection on appeal or in any other post-conviction proceeding.

Here, appellant made no pretrial objection comporting with her first point of error. Although she filed a pretrial motion to quash the information, the motion does not include the argument in question. Since under article 1.14(b) there can be no fundamental error in a charging instrument, appellant has waived her right to object to this particular defect on appeal. *See Hill v. State,* 750 S.W.2d 2, 3 (Tex.App.—Fort Worth 1988, pet. ref'd as untimely filed); *Shaw v. State,* 728 S.W.2d 889, 890 (Tex. App.—Houston [1st Dist.] 1987, no pet.). We overrule point one.

Appellant argues by her third point that the trial court erred in refusing to quash the information because the instrument does not state that the alleged solicitation occurred on the licensed premises. At a pretrial hearing, she argued that while the information states that the "consumption" took place on the "licensed premises," it does not make a similar allegation regarding the "solicitation." Appellant further concluded that this omission denied her notice of the exact nature of the charged offense.

While we agree that the information may be defective in this respect, we will not reverse the judgment unless the record affirmatively reflects that the defect prejudiced the substantial rights of the appellant. *Adams v. State*, 707 S.W.2d 900, 903 (Tex.Crim.App.1986). Here, appellant's sole defense, as indicated by her own testimony, was her unequivocal denial that she solicited any drinks on December 31, 1987. Appellant does not argue on appeal that the alleged lack of notice harmed her in any way or hindered her ability to present any other defenses at trial. We overrule point three.

Point four states the trial court erred in denying appellant's motion to quash since the information is based on an unconstitutional statute. Appellant contends that section 104.01(4) of the Alcoholic Beverages Code is unconstitutionally broad in that it does not limit the proscribed solicitation to *alcoholic* drinks. She specifically asserts that an overly broad restriction of solicitation of both alcoholic and nonalcoholic drinks would operate to restrain freedom of speech as guaranteed by the First Amendment.

The Court of Criminal Appeals has held that section 104.01(4), which regulates a form of commercial speech, is not overbroad. *Allen v. State*, 604 S.W.2d 191, 193 (Tex.Crim.App.1980). The Court's reasoning in *Allen* stems from the well-established principle that an overbreadth analysis applies weakly, if at all, in commercial contexts. *Id.* As the United States Supreme Court stated in *Ohralik v. Ohio*, 436 U.S. 447, 462 n. 20, 98 S.Ct. 1912, 1922 n.

20, 56 L.Ed.2d 444 (1978): "Commercial speech is not as likely to be deterred as noncommercial speech, and therefore does not require the added protection afforded by the overbreadth approach."

We disagree, moreover, with appellant's assertion that while it may be constitutional to prohibit the solicitation of alcoholic drinks, it is an abridgement of free speech to proscribe the solicitation of nonalcoholic beverages. The purpose of section 104.01 is to prevent conduct which is "lewd, immoral, or offensive to public decency"; the specific purpose of subsection (4) is to prevent bar employees from conning or swindling patrons into buying high priced drinks and then sharing the proceeds of the sales with the employer/owner. It is this type of operation, and not the nature of the drink sold, which the legislature was addressing when it enacted section 104.01(4). We overrule point of error four.

Appellant argues by her second and sixth points of error that the evidence is insufficient to prove that she and Terry Wright were employees of Leo Kalantzakis, the owner of the licensed premises.

In reviewing the sufficiency of the evidence, an appellate court looks at all the evidence in the light most favorable to the verdict or judgment and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Butler v. State*, 769 S.W.2d 234 (Tex.Crim.App.1989).

At trial, appellant testified that she did not know Leo Kalantzakis and that her immediate supervisor was Mike Seczyk. She further stated, however, that she has been employed as a waitress at the Lipstick Cabaret for eight months. Officer Egdorf corroborated this fact by testifying that appellant escorted him to a table, brought him drinks, and accepted money for the drinks throughout the night. This evidence is sufficient to form the basis for a rational jury's conclusion that appellant was an employee of Kalantzakis despite the fact she was not personally acquainted with the man.

Appellant also testified that Terry Wright did not work at the Lipstick Cabaret, but rather was employed by her hus-

band, Pat Wright, as a dancer performing in "special shows" at the club. However, Officer Egdorf stated on direct examination that Wright told him she was working nights at the Lipstick Cabaret.[1] Egdorf also said he observed Wright enter a dressing room in the club and dance on stage several times. The jury, as sole judge of the credibility of witnesses, was entitled to believe Egdorf's testimony and disbelieve that of the appellant. *See Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App. 1981). We overrule points two and six.

Appellant asserts by her fifth point that the trial court erred in refusing to permit her to show that Egdorf had a motive for bias and prejudice against the appellant.

The following exchange took place during cross-examination of the officer:

Q. Now Bowman danced for you; correct?

A. Yes, Sir.

 *     *     *     *     *     *

Q. Okay, the minimum tip for a dance that was what, ten dollars?

MS. BAETZ: Your Honor, I'm going to object. This is irrelevant.

THE COURT: Sustained.

 *     *     *     *     *     *

Q. Did you spend money on these dances?

A. Yes, sir—

MS. BAETZ: —Objection, Your Honor. Defense counsel then explained to the court outside the jury's presence that he wanted to introduce the fact that the officer spent a "considerable amount" of money at the Lipstick Cabaret, and as a result felt compelled to make meritless arrests in order to justify the money spent and appease his superiors. When the court asked if counsel was prepared to offer any evidence of "quotas" for arrests established by the police department, counsel indicated that he had no such evidence. The trial court also refused to hear evidence of other arrests made by Egdorf at the Lipstick Cabaret on December 21, 1987. It declared the line of questioning immaterial and sustained the State's objection.[2]

The determination of whether evidence is relevant to any issue of a case lies within the discretion of the trial court and will not be disturbed absent a clear abuse of that discretion. *Baldwin v. State*, 697 S.W.2d 725, 733 (Tex.App.—Corpus Christi 1985, pet. ref'd).

Given that the right of confrontation and cross-examination is a basic constitutional right, "great latitude should be allowed the accused in showing any fact which would tend to establish ill-feeling, bias, motive and animus" on the part of any witness testifying against him, and which therefore might affect that witness' credibility. *Koehler v. State*, 679 S.W.2d 6, 9 (Tex. Crim.App.1984).

We find that the subject referred to by appellant's counsel in his informal proffer to the trial court, i.e. the possible motive of the officer to make numerous arrests regardless of merit, might have established the existence of a mental state which could have affected Egdorf's credibility. The trial court therefore abused its discretion in curtailing appellant's cross-examination. *See Koehler*, 679 S.W.2d at 10. Given that the trial essentially consisted of a "swearing match" between witnesses, we are unable to conclude beyond a reasonable doubt that the error made no contribution to the appellant's conviction under Tex.R.App.P. 81(b)(2). Point five is sustained.

The judgment of the trial court is REVERSED and the cause REMANDED for new trial.

---

1. Although this statement was hearsay, it was not objected to and therefore had probative value. Tex.R.Crim.Evid. 802.

2. In order to preserve this type of error for appellate review purposes, a defendant is not required to show that his cross-examination would have affirmatively established the facts he sought to prove. He must merely establish what subject matter he desired to examine the witness about during the cross-examination. *Koehler v. State*, 679 S.W.2d 6, 9 (Tex.Crim.App. 1984). Appellant's counsel did so in the instant case.