**Joseph Hill CARTIER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–00–0284–CR.**

Court of Appeals of Texas,
Amarillo.

May 1, 2001.

Rehearing Overruled June 15, 2001.

Discretionary Review Refused
Oct. 3, 2001.

Warren Clark, Amarillo, for Appellant.

Rebecca King, District Attorney (John L. Owen, Assistant District Attorney), Amarillo, for Appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

DON H. REAVIS, Justice.

Upon a plea of not guilty, appellant Joseph Hill Cartier was convicted by a jury of murder and punishment was assessed at confinement for life and a $10,000 fine. By two points of error, appellant contends (1) he was denied due process under the Federal Constitution through the failure of section 19.02 of the Texas Penal Code to provide him with a "vehicle" by which the jury could give effect to mitigating evidence that had distinct relevance to punishment separate and apart from its tendency to establish the existence of sudden passion in the underlying facts of the murder verdict; and (2) the trial court committed fundamental error in failing to include language within the court's punishment charge requiring that the jury's decision on the issue of sudden passion had to be unanimous before it could then proceed to assessment of a term of punishment. Based upon the rationale expressed herein, we affirm.

Appellant does not challenge the sufficiency of the evidence. Thus, only the facts necessary to the disposition of this appeal will be discussed. On September 19, 1998, at approximately 2:30 a.m., appellant deceived his stepdaughter into letting him inside his estranged wife's house. He entered the bedroom where his wife, Linda, and the victim, Gary Brumm, were in bed together. He began choking Brumm and threatening to kill him. Linda managed to pull appellant off Brumm momentarily and then was pushed against a wall by appellant. Appellant then lunged at Brumm with a knife and cut his throat. Linda again managed to push appellant off Brumm allowing Brumm to escape from the bedroom, but only to collapse a few feet outside the bedroom. Appellant left the residence and Linda called 911. Brumm died at the hospital from a deep wound on the left side of his neck that perforated the jugular vein and carotid artery causing him to bleed to death.

Appellant was tried by a jury for murder. During the punishment phase, the defense tendered all evidence that had been previously developed during the guilt/innocence phase and one additional witness testified to establish that Linda and Brumm had taunted appellant earlier on the night of September 18, 1998, while all three were at a local bar.

During the charge conference of the punishment phase of the trial, defense counsel tendered a written request for a mitigation instruction together with the following objection:

We understand that the trial Court has included within its Court's Charge the literal language lifted from Section 19.02 of the Penal Code, and accordingly has charged the jury on this issue of sudden passion arising from an adequate cause, which constitutes voluntary manslaughter.

We also recognize that the Court has provided the jury with the definitions mandated by the Code. *Our objection to the Charge has really more to do with what we perceive to be the constitutional imperfections within the recent amendments to 19.02 pertaining to this concept of voluntary manslaughter.*

*Our argument and as is contained within the request for the mitigation instruction is that the manner in which the Court is required to charge the jury necessarily does not allow the jury to use mitigation or mitigating evidence in a manner in which they may apply that toward the issue of the punishment pertaining to murder.*

For example, Your Honor, they jury may well go back to the jury deliberation room, find against the Defendant, since he does carry the burden of persuasion on the issue and, thereby, according to the Court's instructions, then consider the appropriate punishment under the theory of murder.

Given the lack of any additional instruction on how they might handle or consider in their discretion the evidence of the relationship between the Defendant, his wife and the decedent, *our argument is that the absence of an additional instruction does not permit them to apply that evidence as a mitigating factor when assessing punishment under murder.*

In other words, the absence of an instruction deprives the jury of a proper vehicle whereby they could apply and utilize mitigating evidence in assessing punishment on the theory of murder.

\* \* \*

In effect, *we are arguing that the failure of the legislature to include an appropriate instruction allowing the jury to apply mitigating evidence to assessment of punishment under the murder theory runs afoul the mandates issued by the Supreme Court as well as the Court of Criminal Appeals.*

(Emphasis added).

■ By his first point of error, appellant contends he was denied due process under the Federal Constitution through the failure of section 19.02 of the Texas Penal Code [1] to provide him with a "vehicle" through which the jury could give effect to mitigating evidence which had distinct relevance to punishment separate and apart from its tendency to establish the existence of sudden passion in the underlying facts of the murder verdict. Appellant sets out ten reasons which he contends support his argument on appeal that *"this specific law* is unconstitutional as applied *to this particular offender* under *this specific set of facts."* We disagree. Initially, we note that appellant's request for the mitigation instruction in the trial court was grounded on his perceived "manner in which the Court [was] required to charge the jury...." However, section 19.02 does not prescribe the form or manner of accompanying instructions for the submission of the issue of sudden passion.

■ Further, a challenge that a statute is unconstitutional on its face can be

---

1. Section 19.02(d) provides that at the punishment phase, a defendant "may raise the issue as to whether he caused the death under the immediate influence of sudden passion arising from an adequate cause." If the defendant proves the issue in the affirmative by a preponderance of the evidence, the offense is a felony of the second degree. Tex. Pen. Code Ann. § 19.02(d) (Vernon 1994). A second degree felony is punishable by confinement for not more than 20 years or less than 2 years. Tex. Pen.Code Ann. § 12.33(a) (Vernon 1994).

considered even when raised for the first time on appeal because if a statute upon which a conviction is based is unconstitutional, "it is void from its inception, is no law, confers no rights, bestows no power on anyone, and justifies no act performed under it." *Medina v. State*, 986 S.W.2d 733, 735 (Tex.App.—Amarillo 1999, pet. ref'd), citing *Reyes v. State*, 753 S.W.2d 382, 383–84 (Tex.Cr.App.1988); *see also Rabb v. State*, 730 S.W.2d 751, 752 (Tex. Cr.App.1987). In other words, a challenge that a statute is facially unconstitutional affects the jurisdiction of a court to render judgment against a defendant. *Bader v. State*, 15 S.W.3d 599, 603 (Tex.App.—Austin 2000, pet. ref'd).

■ On the other hand, an allegation of unconstitutional application of a statute cannot be raised for the first time on appeal and must be first presented to the trial court. *Broxton v. State*, 909 S.W.2d 912, 918 (Tex.Cr.App.1995); *Briggs v. State*, 789 S.W.2d 918, 924 (Tex.Cr.App. 1990); *see generally Shaw v. State*, 728 S.W.2d 889, 892 (Tex.App.—Houston [1st Dist.] 1987, no pet.) (holding that appellant failed to preserve error for review on his contention that the parole charge was unconstitutional because it violated separation of powers, created an irreconcilable conflict, and was a misleading jury instruction). Appellant's contention on appeal that as applied to him, section 19.02 denies him due process, cannot be raised for the first time on appeal.[2]

■ Moreover, we disagree with appellant's contention that he was denied due process because section 19.02 did not provide him with a "vehicle" by which the jury could consider mitigating evidence during punishment. Appellant points out in his brief that "no court has yet to examine the interplay between the concept of sudden passion and the extent to which this evidence is relevant to the general concept of mitigation at punishment." Mitigating evidence is not specifically defined in the Texas Penal Code other than in article 37.071(f)(4) of the Texas Code of Criminal Procedure Annotated (Vernon Supp.2001), which applies to sentencing in capital cases. In a capital case the court shall charge the jury to "consider mitigating evidence to be evidence that a juror might regard as reducing the defendant's moral blameworthiness." *Id.* Mitigating circumstances are considered by a jury in capital cases to determine whether to assess a sentence of life imprisonment rather than a death sentence. Tex.Code Crim. Proc. Ann. art. 37.071(e)(1) (Vernon Supp.2001); *see generally Guidry v. State*, 9 S.W.3d 133, 139 n. 3 (Tex.Cr.App.1999), *cert. denied*, 531 U.S. 837, 121 S.Ct. 98, 148 L.Ed.2d 57 (2000) (reviewing trial court's remarks about mitigating evidence).

On the other hand, "sudden passion" is expressly defined in section 19.02(a)(2) of the Texas Penal Code as "passion directly caused by and arising out of provocation by the individual killed or another acting with the person killed which passion arises at the time of the offense ..." and if established by a defendant during the punishment phase, he is entitled to be punished in accordance with a second degree felony rather than a first degree felony. *See* Tex. Pen.Code Ann. §§ 12.32(a), 12.33(a) (Vernon 1994). Paragraph four of the court's punishment charge instructed the jury on sudden passion and the jury answered "No" to the special issue inquiring whether appellant caused the decedent's death under the immediate influ-

---

2. For reasons of sound trial strategy, appellant did not object to the submission of the sudden passion issue on the ground that the statutory provision was unconstitutional on its face.

ence of sudden passion arising from an adequate cause. The jury's failure to find that appellant acted under the influence of sudden passion does not mean that it misunderstood the court's charge or acted without guidance on how to apply mitigation evidence. There is nothing in the record to indicate that the jury was mislead or did not follow the court's instructions. Rather, the jury's verdict establishes that appellant did not satisfy his burden by a preponderance of the evidence to prove he acted under the immediate influence of sudden passion. Point of error one is overruled.

 By his second point of error, appellant contends the trial court committed fundamental error in failing to include language within the punishment charge requiring that the jury's decision on the issue of sudden passion had to be unanimous before it could then proceed to assessment of a term of punishment. We disagree. Paragraph 16 of the court's punishment charge provides:

> After you have retired to the jury room, it is the duty of your presiding juror to preside at your deliberations, vote with you, and *when you have unanimously agreed upon a verdict,* to certify your verdict. . . .

(Emphasis added). Notwithstanding the instruction *"when you have unanimously agreed upon a verdict,"* appellant argues on appeal that the charge is fundamentally erroneous under *Sanchez v. State,* 23 S.W.3d 30 (Tex.Cr.App.2000). However, because the trial court's charge in *Sanchez* is not set out in the opinion of the Court of Criminal Appeals, and the opinion of the Court of Appeals is not published, we are unable to compare the charge in *Sanchez* with the charge appellant now contends is fundamentally erroneous. According to *Sanchez,* 23 S.W.3d at 33, the charge at the punishment phase "allowed the jury to

return a non-unanimous decision adverse to appellant on the issue of sudden passion. . . ." The Court of Criminal Appeals held this charge was fundamentally erroneous. Here, however, the term "verdict" as used in paragraph 16 of the charge means the written declaration by the jury of its decision of an "issue," *see* Tex.Code Crim. Proc. Ann. art 37.01 (Vernon 1981), and did not allow the jury to return a non-unanimous decision adverse to appellant on the issue of sudden passion or otherwise. Thus, we conclude that the charge was not fundamentally erroneous. Point of error two is overruled.

Accordingly, the judgment of the trial court is affirmed.