# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00016-CR

**Glenn Newton, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT NO. 2030574, HONORABLE BOB PERKINS, JUDGE PRESIDING

## O P I N I O N

Appellant Glenn Newton pleaded guilty to murder and raised the issue of sudden passion. *See* Tex. Pen. Code Ann. § 19.02(b), (d) (West 2003). The jury returned an instructed verdict of guilty and assessed punishment at forty years' imprisonment and a $10,000 fine. Appellant complains that the trial court's charge did not require the jury to reach a unanimous verdict on the sudden passion issue. We agree that the charge was defective, reverse the district court's judgment, and remand for a new punishment hearing.

If, at the punishment stage of a murder trial, the defendant proves by a preponderance of the evidence that he acted under the immediate influence of sudden passion arising from an adequate cause, the offense is reduced from a first to a second degree felony. *Id*. § 19.02(d). The jury's verdict on the sudden passion issue must be unanimous. *Sanchez v. State*, 23 S.W.3d 30, 34 (Tex. Crim. App. 2000) (applying Tex. Code Crim. Proc. Ann. art. 37.07, § 3(c) (West Supp. 2004-

05)).  That is, the jurors must agree that the defendant either did or did not act under the immediate influence of sudden passion arising from an adequate cause.  *Id*.  If the jurors fail to agree on the sudden passion issue, the result is a mistrial.  *Id*. at 33.

In *Sanchez*, the trial court instructed the jurors that they could find in the defendant's favor on the sudden passion issue only if they were unanimous, and that otherwise they were to find against him.  *Id*. at 32.  Under the instruction given, if some of the jurors were persuaded that the defendant acted under the influence of sudden passion but the other jurors were not, the jury was required to assess punishment within the range prescribed for first degree felonies.  The court of criminal appeals held that this violated article 37.07, section 3(c) because it did not require unanimity on the sudden passion issue, permitted the range of punishment to be determined without the agreement of the jurors, and reduced the reliability of the punishment verdict.  *Id*. at 33-34.

In *Cartier v. State*, the punishment charge required the jurors to answer "yes" or "no" to a special issue inquiring whether the defendant acted under the immediate influence of sudden passion arising from an adequate cause, and then to assess punishment accordingly.  58 S.W.3d 756, 759-60 (Tex. App.—Amarillo 2001, pet. ref'd).  Elsewhere in the charge, the jurors were told that they were to unanimously agree upon a verdict.  The court of appeals concluded that the charge satisfied the need for unanimity and did not permit the jurors to return a non-unanimous decision adverse to the defendant on the sudden passion issue.  *Id*. at 760.

In the cause now before us, paragraph one of the court's charge instructed the jurors:

> The punishment which you may assess is confinement in the Institutional Division of the Texas Dept. of Criminal Justice for life, or for any term of not more than 99 years or less than 5 years; unless you believe that the defendant caused the death

under the immediate influence of a sudden passion arising from an adequate cause in which event you may assess confinement for not more than 20 years or less than 2 years. In addition, in either case, a fine not to exceed $10,000 may be imposed. The burden of proof is on the defendant to prove this issue by a preponderance of the evidence.

After defining "preponderance of the evidence," "sudden passion," and "adequate cause," the court concluded this portion of the charge:

Now if you believe by a preponderance of the evidence that the defendant caused the death of the deceased while under the immediate influence of sudden passion arising from an adequate cause, you will assess punishment at confinement for not more than 20 years nor less than 2 years and you may impose a fine not to exceed $10,000.

This was the court's only instruction regarding the determination of the appropriate punishment range.

The final paragraph of the charge instructed the jurors to select a foreperson "to preside at your deliberations and to vote with you in arriving at a unanimous verdict." The court submitted four verdict forms in this order: (1) guilty of murder with a sudden passion finding, without probation; (2) guilty of murder with a sudden passion finding, with probation; (3) guilty of murder without probation; or (4) guilty of murder with probation. The jurors selected the third option.

Appellant objected that the charge failed to require a unanimous determination of the sudden passion issue. Specifically, appellant urged that the charge did not require the jurors to unanimously find against him on this issue as a prerequisite to punishing the offense as a first degree

3

felony. The court overruled the objection, expressing the view that the charge and verdict forms assured that the jurors' sudden passion decision would be unanimous.

We agree with appellant that the charge in this cause required unanimity on the sudden passion issue only in appellant's favor. The court instructed the jurors to assess a prison term of five years to life *unless* they agreed that appellant acted under the immediate influence of sudden passion arising from an adequate cause. This instruction did not condition the jurors' use of the five-to-life punishment range on a unanimous finding that appellant did not act under the influence of sudden passion; instead, the harsher punishment range was made applicable in the absence of a finding in appellant's favor. The court then emphasized the need for unanimity in appellant's favor by instructing the jurors to assess a punishment of two to twenty years if they agreed that appellant acted under the influence of sudden passion. The court never instructed the jurors that they were to punish this offense as a first degree felony only if they agreed that appellant *did not* act under the influence of sudden passion. By requiring unanimity only in appellant's favor, the court's charge effectively told the jurors to treat the offense as a first degree felony if they could not reach agreement on the sudden passion issue. The later, general reference to a unanimous verdict was not sufficient to correct the error in that portion of the court's charge that directly spoke to the selection of the proper punishment range.

The verdict forms also required unanimity only in appellant's favor. The second degree murder forms (forms one and two) contained a finding that appellant acted under the immediate influence of sudden passion arising from an adequate cause. But the first degree murder forms (forms three and four) did not contain a finding that appellant did not act under the influence

4

of sudden passion; they were silent with regard to the issue. Like the charge itself, the verdict forms erroneously conditioned the use of the first degree felony punishment range on the absence of a finding in appellant's favor, rather than on a finding against him, on the sudden passion issue.

"If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is 'calculated to injure the rights of defendant,' which means no more than that there must be *some* harm to the accused from the error." *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g) (quoting Tex. Code Crim. Proc. Ann. art. 36.19 (West 1981)). Under this standard, "the presence of *any* harm, regardless of degree, which results from preserved charging error is sufficient to require reversal of the conviction. Cases involving preserved charging error will be affirmed only if *no* harm has occurred." *Arline v. State*, 721 S.W.2d 348, 351 (Tex. Crim. App. 1986). The degree of harm must be assayed in light of the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record as a whole. *Almanza*, 686 S.W.2d at 174. The harm must be actual, and not just theoretical. *Id*.

Appellant pleaded guilty to the alleged murder, and the only fact issue before the jury was whether appellant committed the murder while under the immediate influence of sudden passion arising from an adequate cause. It is undisputed that there was evidence raising the sudden passion issue and that this evidence, if believed by the jury, would support a finding in appellant's favor.

Not surprisingly, the sudden passion issue was the primary subject of the jury arguments. For their part, the prosecutors reminded the jurors that the burden of proof was on appellant and urged that the evidence preponderated against a finding of either sudden passion or

5

adequate cause. The prosecutors did not mention the need for unanimity, either for or against appellant, on the sudden passion issue. The first of appellant's attorneys to argue told the jurors, "Before you can decide what his punishment should be, each of you first has to make an individual decision was this sudden passion, then you have to all decide are we unanimous in that there was sudden passion, and then at that point you can move forward as to what happens." After this essentially correct statement, counsel demonstrated how easy it is to misstate the unanimity requirement by adding, "Now, if after you have convened and you have not decided unanimously that sudden passion is involved, then you go to the last two forms [first degree felony]."

Appellant's second attorney, whose sole focus was on the sudden passion issue, argued correctly:

> Was there sudden passion? It has to be unanimous one way or the other—yes, there was; no, there wasn't. That is the first thing you have to decide. Then depending on what your decision is on the sudden passion issue, that will tell you where you go as far as punishing him.
>
> If all 12 of you agree that there is sudden passion, your punishment range is limited from two to 20 years in prison. If you give a sentence of less than 10 years and recommend probation, and there is a verdict form for that, the judge has to put Glenn on probation, and he read some of the conditions that could be given.
>
> . . .
>
> If you decide that sudden passion is not there—and that must be a unanimous decision; all 12 of you must agree there is no sudden passion—then you go on to the other range of punishment, five years up to 99 years or life.

This argument accurately stated the need for unanimity—either for or against appellant—on the sudden passion issue.

6

After the verdict was returned, the defense asked that the jurors be polled. The court told the jurors:

> A request has been made that the jury be polled, and by that we mean we are going to ask that each of you state your name and if this is your verdict, which is a verdict in which you have not found sudden passion, you should say, yes, this is my verdict, that the verdict that your foreperson has read is your actual verdict.

Defense counsel asked for "a more specific question. I would like an answer from each juror on whether they voted for sudden passion or against sudden passion." The court responded:

> I think the Court is going to decline that request. I think legally if you would just state—I will note your exception—that the verdict read by your foreperson is your verdict and that verdict does not reflect sudden passion. If that isn't your verdict, please say it is not. So if we start with just your name and then yes, that is my verdict; no, that isn't my verdict. And this is a verdict of 40 years, $10,000 fine, and there was no finding of sudden passion.

Each juror then affirmed that the verdict read was his or her verdict.

We believe that the jury poll is the key to determining whether the charge error was harmless in this cause. Although one of appellant's attorneys accurately explained the need for unanimity during her jury argument, appellant's other attorney fell into the same error as the court's charge. Moreover, we assume in the absence of evidence to the contrary that the jurors followed the charge and that they resolved the conflict between counsel's argument and the court's instructions (assuming they perceived it) by giving precedence to the instructions and the accompanying verdict forms. *See Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) (jury presumed to follow court's instructions). The charge unambiguously told the jurors to assess a prison term of five years

7

to life unless they agreed that appellant acted under the immediate influence of sudden passion arising from an adequate cause. If the jurors read the charge and followed it, it is reasonably possible that one or more of them may have believed that appellant acted under the influence of sudden passion, but because the other jurors did not agree, applied the first degree felony punishment range. *See Ovalle v. State*, 13 S.W.3d 774, 787 (Tex. Crim. App. 2000). We cannot dismiss the error as harmless by supposing that the jury ignored the charge. *Id*. at 788. Thus we must ask: did the jury poll reflect a unanimous determination against appellant on the sudden passion issue despite the absence of a unanimity requirement in the court's charge?

We conclude that it did not. The court refused to directly ask the jurors whether they voted for or against a finding of sudden passion. Instead, the court asked each juror to state whether the verdict read by the foreperson was his or her verdict. As we have previously discussed, the first degree murder verdict form read by the foreperson did not contain a finding that appellant did not act under the influence of sudden passion. Given the wording of the verdict forms and of the court's question to the jurors, the poll merely reflected each juror's agreement that the verdict was silent with respect to the sudden passion issue. It cannot be said that the poll demonstrated a finding by each juror that appellant did not commit murder under the immediate influence of sudden passion arising from an adequate cause.

By failing to require the jurors to agree that appellant did not act under the immediate influence of sudden passion, the court's charge was calculated to injure appellant's rights by denying him his statutory right to a unanimous verdict. *See Sanchez*, 23 S.W.3d at 33-34 (affirming court of appeals' conclusion that error caused defendant egregious harm); *and see Ngo v. State*, No. PD-

8

0504-04, 2005 Tex. Crim. App. LEXIS 457, at *33-34 (Tex. Crim. App. Mar. 16, 2005) (charge that did not require unanimous verdict as to offense committed was egregiously harmful). Appellant timely and specifically objected to the erroneous charge. On this record, it cannot reasonably be said that the jurors reached a unanimous decision despite the court's faulty instructions. We cannot conclude that the error was harmless. Point of error two is sustained.

Because of our disposition of the charge issue, we need not address appellant's other point of error. We affirm the district court's adjudication of guilt, but we reverse that portion of the judgment imposing sentence and remand for a new punishment trial. *See* Tex. Code Crim. Proc. Ann. art. 44.29(b) (West Supp. 2004-05).

_____

David Puryear, Justice

Before Chief Justice Law, Justices B. A. Smith and Puryear

Affirmed in Part; Reversed and Remanded in Part

Filed: June 23, 2005

Publish

9