IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-1394-06






DANIEL LATHAM, Appellant


 

v.



THE STATE OF TEXAS







DISSENT TO REFUSAL TO GRANT 


DISCRETIONARY REVIEW

FROM THE TWELFTH COURT OF APPEALS

RUSK COUNTY



 

 Hervey, J., filed a dissenting opinion in which Meyers and Johnson, JJ., joined.



DISSENTING OPINION


 A jury rejected appellant's claim of self-defense and convicted him of murder. The jury was
instructed at the punishment phase to sentence appellant as a first-degree felon unless it found that
appellant committed the offense under the influence of "sudden passion" in which case the jury was
to sentence appellant as a second-degree felon. (1) In relevant part, the jury instructions provided:

 Our law provides that in the punishment phase of the trial, wherein the jury
determines the punishment to be assessed in the case, the Defendant may raise the
issue as to whether he caused the death of [the victim] while he, the Defendant, was
under the immediate influence of sudden passion arising from an adequate cause. If
the Defendant proves the issue in the affirmative by a preponderance of the evidence,
the offense is a felony of the second degree. If he does not so prove the issue in the
affirmative by a preponderance of the evidence, the offense is a felony of the first
degree. It is the duty of the jury to determine whether the defendant has proved the
affirmative by a preponderance of the evidence.

 * * *

 Do you find by a preponderance of the evidence that on the occasion in question, at
the time of the commission of the offense for which defendant is on trial, the
Defendant, DANIEL LATHAM, caused the death of [the victim] while he, DANIEL
LATHAM, was under the immediate influence of sudden passion arising from an
adequate cause?

* * *

 After argument of Counsel, you will retire to consider your verdict. Your verdict
must be unanimous, and after you have arrived at your verdict, you may use one of
the forms attached hereto by having your foreman sign his/her name to the particular
form that conforms to your verdict. Answer the Special Issue [on "Sudden Passion"]
First.

 

 The jury answered "no" to the "sudden passion" question. It sentenced appellant as a first-degree felon to 55 years in prison.

 Appellant claimed for the first time on direct appeal that the "sudden passion" jury question
egregiously harmed him because it did not require a unanimous verdict. The Court of Appeals
decided that the jury instructions did not permit the jury to answer the "sudden passion" question on
less than a unanimous verdict. Latham v. State, No. 12-05-00146-CR, slip op. at 11
(Tex.App.-Tyler, delivered July 26, 2006) (not designated for publication).

 Appellant filed a petition for discretionary review containing three grounds. The first ground
asserts that the Court of Appeals erred "in its analysis of the punishment charge's failure to require
unanimity in its determination of a 'sudden passion' punishment mitigation issue." In his
discretionary review petition, appellant appears only to argue that the jury instructions were "fatally
defective" because they did not require jury unanimity on the "sudden passion" question that was
actually submitted to the jury. This specific claim is without merit.

 But, this case presents another jury "unanimity" issue. In Sanchez v. State, this Court held
that it was egregiously harmful for a trial court to instruct a jury that it "could find in appellant's
favor on the issue of sudden passion only if they were unanimous, and that otherwise they would
have to find against appellant on the issue." See Sanchez v. State, 23 S.W.3d 30, 32-33 (Tex.Cr.App.
2000). The Austin Court of Appeals has decided that instructions, very similar to those in this case,
have the same defect. See Newton v. State, 168 S.W.3d 255, 257 (Tex.App.-Austin 2005, pet. ref'd)
("The court never instructed the jurors that they were to punish this offense as a first degree felony
only if they agreed that appellant did not act under the influence of sudden passion. By requiring
unanimity only in appellant's favor, the court's charge effectively told the jurors to treat the offense
as a first degree felony if they could not reach agreement on the sudden passion issue.").

 The issue of whether the jury instructions in this case comply with Sanchez is worthy enough
for the Court to address on its own motion. See Tex. R. App. Proc. 66.1. Because the Court does
not, I respectfully dissent.

 Hervey, J.

Filed: December 6, 2006

Do Not Publish
1. Section 19.02(d), Tex. Pen. Code, reduces the punishment range for murder from a first-degree to a second-degree felony if the defendant proves the "sudden passion" issue by a
preponderance of the evidence. The punishment range for a second-degree felony is two to twenty
years in prison with a possible fine of up to $10,000. See Section, 12.33, Tex. Pen. Code.