**Opinion filed October 30, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00275-CR
_____

### QUANE TAYLOR, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 358th District Court**

**Ector County, Texas**

**Trial Court Cause No. D-17-1758-CR**

## M E M O R A N D U M   O P I N I O N

The State charged Quane Taylor with the murder of his fiancée, Evangelina Quezada. Appellant pleaded guilty to the offense and elected to have a jury trial on punishment. The jury found against Appellant on the special issue of sudden passion, and it assessed punishment at life imprisonment in the Institutional Division of the Texas Department of Criminal Justice and a fine of $10,000. We affirm.

Appellant does not challenge the sufficiency of the evidence in support of the jury's finding. In his sole issue on appeal, Appellant contends that the trial court erred when it instructed the jury in a manner that did not require unanimity for a negative finding of sudden passion.

In connection with the sudden passion issue, the trial court instructed the jury as follows:

> The jury's verdict for this Special Issue must be unanimous.
>
> Considering the above instructions, if you believe the Defendant, QUANE TAYLOR, has proved by a preponderance of the evidence that he caused the death of EVANGELINA QUEZEDA [sic] while acting under the immediate influence of sudden passion arising from an adequate cause, then you shall answer this Special Issue "We Do." Otherwise, you shall answer this Special Issue "We Do Not."

Defense counsel objected to the instruction on the ground that it would permit the jury to return a nonunanimous negative finding on the special issue as a "fallback" in the event that the jury could not reach a unanimous affirmative finding. Because the charge specifically instructed the jury that the verdict for the special issue must be unanimous, the trial court overruled the objection.

The jury answered the special issue, "We Do Not." After the punishment verdict, defense counsel requested to have the jury polled on the special issue and on punishment. The record reflects that both verdicts were unanimous.

We review a claim of jury charge error under a two-step process. We first determine whether the charge contains any actual error. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). If error exists in the charge, we next determine whether the error resulted in sufficient harm to require reversal. *Id.* If the error was preserved by a timely objection to the charge, we will reverse if the error caused some harm to the appellant. *Id.* If the error was not preserved, we will reverse only

2

if the record demonstrates that the error caused egregious harm to the appellant. *Id.* Here, Appellant preserved the error when he objected to the charge.

At the punishment stage of trial, a defendant convicted of murder may claim that he caused the death of the individual while under the immediate influence of sudden passion arising from an adequate cause. TEX. PENAL CODE ANN. § 19.02(d) (West 2019). If the defendant proves the issue of sudden passion by a preponderance of the evidence, the offense becomes a second-degree felony. *Id.* The Court of Criminal Appeals has held that the jury must unanimously agree on a sudden passion issue, whether its decision is in favor of or adverse to the defendant. *Sanchez v. State*, 23 S.W.3d 30, 33 (Tex. Crim. App. 2000); *see* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(c) (West Supp. 2020).

Courts have held that a general unanimity instruction within the punishment-phase charge is sufficient to ensure a unanimous verdict on the issue of sudden passion. *See Barfield v. State*, 202 S.W.3d 912, 917–18 (Tex. App.—Texarkana 2006, pet. ref'd); *Cartier v. State*, 58 S.W.3d 756, 760 (Tex. App.—Amarillo 2001, pet. ref'd). Here, the trial court's charge contained two unanimity instructions. In its main charge, the trial court included a general unanimity instruction to the jury that "[a]ny verdict you render must be unanimous." Further, in the separate charge on the special issue, the trial court specifically instructed the jury that its "verdict for this Special Issue must be unanimous."

However, Appellant maintains that the charge was erroneous because the remainder of the special-issue charge allowed for a nonunanimous negative finding on sudden passion. Appellant argues that the trial court's use of the word "otherwise" conditioned a finding of "we do not" on an inability to reach a unanimous finding of "we do" on the issue of sudden passion; thus, the charge only ensured unanimity in the event of an affirmative finding.

3

Several courts have found error where a charge contains a general unanimity instruction but then uses conditional language later in the charge that would allow a nonunanimous negative finding on sudden passion. *See Cornett v. State*, 405 S.W.3d 752, 760 (Tex. App.—Houston [1st Dist.] 2013, pet. ref'd) (holding that "as in *Swearingen*, this charge 'conditioned the first-degree felony punishment range on only a failure to find sudden passion unanimously rather than a unanimous negative finding on the issue'" where charge read "[b]ut, if you do not believe that the defendant proved by a preponderance . . ."); *Swearingen v. State*, 270 S.W.3d 804, 807, 811 (Tex. App.—Austin 2008, pet. ref'd) (holding that where charge read "[h]owever, if you do not find by a preponderance of the evidence . . . ," the jury was authorized to reject sudden passion "as a default if it *failed to find unanimously* that Swearingen *did* act under sudden passion"); *Bradshaw v. State*, 244 S.W.3d 490, 497 (Tex. App.—Texarkana 2007, pet. ref'd) (holding that charge language "if you do not find" was roughly equivalent to conditional language "unless you find"). We agree with Appellant that the presence of the word "otherwise" in the charge here invites the same issue of a conditional, nonunanimous finding against sudden passion.

However, even if we were to find error in the jury charge, any such error would be harmless as it did not cause "*some* harm" to Appellant. *See Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). The trial court's charge included not only a general unanimity instruction but also a specific unanimity instruction on the issue of sudden passion, and the record establishes that the jury unanimously rejected Appellant's claim of sudden passion. Moreover, although the trial court included a special issue on sudden passion, we do not believe that the trial court was required to give such an instruction in the first place because the evidence does not support a finding of adequate cause. *See Gaston v. State*, 930 S.W.2d 222, 226 (Tex. App.—Austin 1996, no pet.) (victim's nagging, taunting, and promising a

divorce and property squabble do not constitute adequate cause). *See also* PENAL § 19.02(a)(1). We overrule Appellant's sole issue on appeal.

We affirm the judgment of the trial court.


JIM R. WRIGHT
SENIOR CHIEF JUSTICE


October 30, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.